STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA06-875

STATE OF LOUISIANA

VERSUS

BRAD DUCOTE

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 127634
HONORABLE MARK A. JEANSONNE

**********

**OSWALD A. DECUIR
JUDGE**

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Jimmie C. Peters, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Hon. Charles A. Riddle, III
District Attorney, 12th JDC
P. O. Box 1200
Marksville, LA 71351
(318) 253-6587
COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Michael Reese Davis
Hymel, Petersen & Davis, LLC
15171 Harrel's Ferry Road -C
Baton Rouge, LA 70816
(225) 755-1060
COUNSEL FOR APPELLANT:**
      **Brad Ducote**

**Decuir, Judge.**

On March 17, 2005, Defendant, Brad Ducote, pled guilty to forgery, a violation of La.R.S. 14:72, and was sentenced, pursuant to a plea agreement, to serve four years at hard labor, suspended, with general and special conditions. On March 16, 2006, the Defendant filed a motion to withdraw his guilty plea. A hearing was held on April 20, 2006, after which the trial court denied the Defendant's motion. The Defendant thereafter filed a motion for appeal from the trial court's judgment denying his motion to withdraw guilty plea and the trial court granted the motion for appeal on May 8, 2006.

On July 14, 2006, this court issued a rule to show cause why the appeal in the above-captioned case should not be dismissed, as the judgment at issue is not appealable. The Defendant filed a brief with this court asserting that an appeal is the proper method of seeking review, and alternatively, that this court consider the appeal as a writ application and review the merits of his claim.

The judgment at issue herein is not appealable pursuant to La.Code Crim.P. art. 912.1, therefore, the appeal in the above captioned case is hereby dismissed. Brad Ducote, Defendant-Appellant, is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4–3 as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**