# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-768

**STATE OF LOUISIANA**

**VERSUS**

**CALVIN JAMES CATALON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 09-K-0637-B
HONORABLE MARION F. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**Cooks, J., concurs in part and dissents in part.**

**AFFIRMED AND REMANDED FOR**
**EVIDENTIARY HEARING.**

**Earl B. Taylor**
**District Attorney – 27th Judicial District**
**Alisa Ardoin Gothreaux**
**Assistant District Attorney – 27th Judicial District**
**P. O. Drawer 1968**
**Opelousas, LA 70571**
**Telephone: (337) 948-0551**
**COUNSEL FOR:**
     **Plaintiff/Appellant - State of Louisiana**

**Pride Justin Doran**
**Doran & Cawthorne Law Firm, PLLC**
**P. O. Box 2119**
**Opelousas, LA 70571**
**Telephone: (337) 235-3989**
**COUNSEL FOR:**
     **Defendant/Appellee - Calvin James Catalon**

**THIBODEAUX, Chief Judge.**

The State appeals the trial court's grant of Defendant's Motion to Quash. The defense based its motion on the State's alleged failure to commence trial within the two-year prescriptive period when prosecution was instituted. The State initiated prosecution against Defendant in 2009. Subsequently, Defendant was incarcerated in another jurisdiction. After learning Defendant's out-of-state custodial location, the State failed to secure his presence in court for nearly two years. During this period, the defense filed several motions to continue. In granting Defendant's Motion to Quash, the trial court found the defense's motions to continue did not suspend prescription because they were caused by the State's delay in bringing Defendant to court. For reasons other than those cited by the trial court, we conditionally affirm. Additionally, we remand for an evidentiary hearing to determine whether a motion potentially suspending prescription was filed on behalf of the defense.

I.

**ISSUE**

We shall consider whether the trial court abused its discretion in finding no suspension occurred within the prescriptive period.

II.

**FACTS AND PROCEDURAL HISTORY**

On October 29, 2009, a grand jury returned an indictment charging Defendant, Calvin James Catalon, Jr., with two counts of aggravated kidnapping and one count of aggravated burglary. On June 1, 2010, his attorney requested the

matter be reset. Defendant was present in court. The trial court granted the request and reset the matter for October 12, 2010. Defendant did not appear in court on this date, however, and was not present in court again until October 1, 2013. Between Defendant's court appearances in 2010 and 2013, he was arrested and extradited to Texas, where he served approximately two years and four months of a jail sentence on unrelated charges. During this period, the defense filed several motions to continue, and Defendant changed counsel several times.

The State learned of Defendant's incarceration on February 1, 2011. The State told the trial court that it would file a writ to secure Defendant's presence in court. The State did not immediately take steps to secure Defendant's presence, however, and on October 3, 2011, the State learned that Defendant had been extradited to Texas. The State again told the court that it would file a writ to secure Defendant's presence. A little over a year later, the State signed its first application to extradite Defendant. This application contained several errors and was denied. The State filed another application in January of 2013. The effectiveness of this second application is uncertain, as Defendant was paroled some months later.

When Defendant appeared in court again on October 1, 2013, the defense requested another continuance. Counsel for Defendant changed again, and the defense requested another continuance which reset the trial date. Prior to trial, on March 10, 2014, the defense filed a Motion to Quash. In this motion, the defense alleged that the State failed to commence trial within the statutory time limit and violated Defendant's constitutional right to a speedy trial. After a hearing, the trial court granted the defense's motion and dismissed all charges against Defendant. In its written reasons for judgment, the trial court stated that

Defendant's incarceration interrupted and reset the prescriptive period but that the State had failed to commence trial within the new time limits. The trial court further found the prescriptive period had not been suspended by the defense's numerous motions to continue because they were caused by the State's delay in bringing Defendant to court. Additionally, the court found suspension inapplicable because it believed the State was unprepared to commence trial. The State now appeals.

III.

## STANDARD OF REVIEW

"Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision," a trial court's judgment on a motion to quash will not be reversed unless that finding represents an abuse of discretion. *State v. Love*, 00-3347, p. 9 (La. 5/23/03), 847 So.2d 1198, 1206.

IV.

## LAW AND DISCUSSION

The State contends the trial court abused its discretion in finding no suspension occurred because of the State's delay in securing Defendant's presence in court. Although we find some of the trial court's observations to be erroneous, we do not find the court abused its discretion. Instead, a review of the record indicates an evidentiary hearing is necessary to determine whether the prescriptive period has been effectively suspended.

Louisiana Code of Criminal Procedure Article 578 provides that in noncapital felony cases, the State has two years from the date it institutes

3

prosecution to commence trial. If a defendant shows that the State has failed to commence trial within this period, the State then bears the "heavy burden of demonstrating that either an interruption or a suspension of the time limit [has] tolled prescription." *State v. Morris*, 99-3235, p. 1 (La. 2/18/00), 755 So.2d 205. Suspension of the prescriptive period occurs when a defendant files a preliminary plea. La.Code Crim.P. art. 580. A preliminary plea is any pleading or motion that is filed by the defense and has the effect of delaying trial. *State v. Brooks*, 02-792 (La. 2/14/03), 838 So.2d 778. These pleadings include properly filed motions to quash, motions to suppress, joint and independent motions for a continuance, applications for discovery, and applications for bills of particulars. *Id.* Oral motions to continue can also suspend the time period for bringing a defendant to trial. *State v. Fanguy*, 94-143 (La.App. 3 Cir. 10/5/94), 643 So.2d 860, *writ denied*, 94-2726 (La. 4/21/95), 653 So.2d 563; *State v. Lathan*, 41,855 (La.App. 2 Cir. 2/28/07), 953 So.2d 890, *writ denied*, 07-805 (La. 3/28/08), 978 So.2d 297; and *State v. Jordan*, 00-1508 (La.App. 5 Cir. 11/27/01), 802 So.2d 933. *See also State v. Dorignac*, 99-938 (La. 9/24/99), 747 So.2d 1110. Once the defense files a preliminary plea, the prescriptive period is suspended until a ruling on the plea. La.Code Crim.P. art. 580. After the ruling, the State has no less than one year to commence trial. *Id.*

To determine whether a suspension of the prescriptive period occurred, then, we must review the preliminary pleas filed by the defense from the date the State instituted its prosecution. On October 29, 2009, a grand jury returned an indictment for Defendant. Absent any suspension or interruption, the State had two years, or until October 29, 2011, to timely commence trial. Within this period, the defense requested a continuance. The defense's oral motion to

4

continue on October 3, 2011, suspended the prescriptive period. The motion was immediately ruled on, as were the motions that follow, and gave the State "no . . . less than one year," or until October 3, 2012, to commence trial. La.Code Crim.P. art. 580.

Within this period, the trial court continued the case on its own to allow the defense time to changeover to newly-appointed counsel. At this hearing, former counsel for the defense appeared and informed the court that he would be turning over his entire discovery packet to Defendant's new counsel the next week. The court responded by resetting the matter and issuing a new discovery order. Under similar circumstances, the supreme court has found such court action to suspend the prescriptive period. In *Brooks*, 838 So.2d 778, the supreme court found that the trial court's own continuance, for the purpose of allowing a defendant time to substitute counsel, constituted a preliminary plea within the scope of La.Code Crim.P. art. 580. The court reasoned that the trial court's continuance, made solely to accommodate the defense and effectuate the defendant's right to counsel, suspended prescription because the State's ability to prosecute was affected until the matter of the defendant's representation was settled. *Id.* As in *Brooks*, the trial court here continued the case to accommodate the defense. Similarly to *Brooks*, the State's ability to prosecute was affected until Defendant's new counsel had the opportunity to receive discovery material from former defense counsel and file any necessary motions. Accordingly, the trial court's continuance on June 1, 2012, suspended the time period for commencing trial. The State had until June 1, 2013 to commence trial.

Within this period, on February 22, 2013, the trial court granted a motion to continue. Neither Defendant nor defense counsel was present. The

transcript reflects that the State both motioned to continue and objected to the motion, after speaking with the defense who allegedly asked the State to make the continuance on its behalf. The defense has never testified as to whether it authorized that request. Addressing a similar situation, in *Dorignac*, 747 So.2d 1110, the supreme court found a discrepancy as to whether the defense requested a continuance warranted a remand for an evidentiary hearing. We, too, find that the circumstances surrounding the February 2013 continuance warrant a remand. An evidentiary hearing is necessary to determine whether defense counsel, in fact, asked the State to make a continuance on its behalf.

If the February 22, 2013 continuance is found to have been authorized by the defense, it suspended the prescriptive period for an additional year, and the State had until February 22, 2014 to commence trial. Within this period the trial court granted a defense motion to continue on October 1, 2013, which gave the State until October 1, 2014 to commence trial. Then, on March 6, 2014, the defense filed another motion to continue, which gave the State until March 6, 2015 to commence trial. If an evidentiary hearing reveals the defense authorized the continuance made on February 22, 2013, then the time to commence trial has yet to expire. If the hearing reveals the defense did not authorize the continuance, however, the prescriptive period has expired. Thus, our review of the pertinent motions and dates reveals the outcome of the evidentiary hearing will determine whether the time to commence trial has elapsed.

The trial court's written reasons for judgment indicate it did not conduct a review of the preliminary pleas filed by the defense and their dates in reaching its conclusion. Instead, the court based its ruling on a number of assumptions outside the considerations of a standard suspension analysis. One

6

such assumption was that the State was not prepared to proceed to trial from February 2011 to October 2013. However, there is no evidence in the record as to the State's preparedness for trial during this period. Another assumption was that all motions to continue made by the defense during Defendant's incarceration were attributable to the State. However, the record does not support a finding that the State's delay in procuring Defendant's presence in court was the cause of the defense's numerous motions. In filing its October 3, 2011 motion to continue, the defense stated that it needed more time to investigate the case. The trial court's June 1, 2012 continuance was granted to allow Defendant's new counsel time to receive and review discovery material from former counsel. In filing its October 1, 2013 motion to continue, the defense stated it needed more time to prepare the case. The defense's March 6, 2014 motion to continue stated Defendant needed more time to prepare its case based on newly-discovered evidence. The reason for the February 22, 2013 motion to continue is unknown since, as discussed above, the question of which party essentially made the motion has yet to be settled. Thus, the defense did not cite State action as the reason for filing any of the above motions.

While the trial court based its finding that no suspension occurred on assumptions not supported by the record, its granting of Defendant's Motion to Quash was not an abuse of discretion. The State did not definitively show the prescriptive period to be ongoing. It is for this reason that we conditionally affirm. However, because the defense potentially authorized a motion which would effectively suspend the prescriptive period to March 2015, we also remand for an evidentiary hearing to determine whether that occurred.

7

## V.

## <u>**CONCLUSION**</u>

For the foregoing reasons, we conditionally affirm the grant of Defendant's Motion to Quash. We remand the case to the trial court for an evidentiary hearing on the issue of whether the defense authorized the continuance made by the State on February 22, 2013. If the trial court finds the defense authorized the continuance, the time to commence trial has yet to expire. As such, the trial court will deny the Motion to Quash, reinstate the charges against Defendant, and proceed accordingly. Defendant will have the right to seek review of the trial court's ruling. Alternatively, if the trial court finds the defense did not authorize the continuance, the time to commence trial has expired, and the trial court will uphold its prior grant of the Motion to Quash. The State will then have the right to appeal the trial court's ruling. In the absence of such an appeal by the State, this court affirms the trial court's grant of Defendant's Motion to Quash.

**AFFIRMED AND REMANDED FOR EVIDENTIARY HEARING.**

STATE OF LOUISIANA

VERSUS

CALVIN JAMES CATALON

**COOKS, J., concurs in part and dissents in part.**

I concur in the majority's affirmance of the grant of the motion to quash, but dissent from that portion of the opinion imposing conditions on said affirmance and remanding the matter for an evidentiary hearing. The trial court's ruling should be affirmed without any conditions.

The laws pertaining to extradition required that once the State discovered Defendant was incarcerated in Texas, it had the affirmative duty to take steps to secure his presence in Louisiana for trial. *State v. Bobo*, 03-2362 (La. 4/30/04), 872 So.2d 1052; *State v. Amarena*, 426 So.2d 613. When the State fails to properly extradite a defendant incarcerated in another state, as it did here, it loses the benefit of interruption or suspension in tolling the delays for bringing the matter to trial. The defense's requests for continuances because their client was not made available to them or their inability to complete discovery should not be used to allow the State to suspend the tolling of prescription. Therefore I would affirm the trial court's grant of the motion to quash.