NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-591

STATE OF LOUISIANA

VERSUS

CALVIN JAMES CATALON
 aka CALVIN J. CATALON, JR.
 aka CALVIN CATALON, JR.

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NUMBER 09-K-0637-B
HONORABLE A. GERARD CASWELL, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*
MARC T. AMY
JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Billy H. Ezell, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Earl B. Taylor
District Attorney
Alisa Ardoin Gothreaux
Assistant District Attorney
P.O. Drawer 1968
Opelousas, LA 70571
Telephone (337) 948-0551
COUNSEL FOR APPELLEE:
       State of Louisiana

**Pride J. Doran**
**Doran & Cawthorne, PLLC**
**P. O. Box 2119**
**Opelousas, LA 70571**
**Telephone (337) 948-8008**
**COUNSEL FOR APPELLANT:**
    **Calvin James Catalon, Jr.**
    **aka Calvin J. Catalon, Jr.**
    **aka Calvin Catalon, Jr.**

**Amy, Judge.**

On October 29, 2009, Defendant-Appellant, Calvin James Catalon, Jr., was charged by grand jury indictment with two counts of aggravated kidnapping, violations of La.R.S. 14:44, and one count of aggravated burglary, a violation of La.R.S. 14:60. On December 10, 2009, Defendant-Appellant entered a plea of not guilty to all charges.

Defendant-Appellant filed a "MOTION TO QUASH INDICTMENT ON THE BASIS OF VIOLATION OF LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 578 AND FOR FAILURE TO PROVIDE SPEEDY TRIAL AS REQUIRED UNDER THE UNITED STATES AND LOUISIANA CONSTITUTION and INCORPORATED MEMORANDUM" with the trial court on March 6, 2014. Subsequently, an evidentiary hearing was held on May 12, 2014, on Defendant-Appellant's motion to quash. On July 7, 2014, the trial court granted Defendant-Appellant's motion to quash and dismissed all charges.

On July 10, 2014, the State filed a "MOTION FOR APPEAL AND DESIGNATION OF RECORD" with the trial court. On the same date, the trial court granted the State's motion for appeal with a return date of August 14, 2014. On July 25, 2014, this court lodged the appeal record. On December 23, 2014, this court conditionally affirmed the trial court's ruling on Defendant-Appellant's motion to quash, and the case was remanded to the trial court for an evidentiary hearing to determine whether the Defendant-Appellant authorized the State's February 22, 2013 motion to continue. *State v. Catalon*, 14-768 (La.App. 3 Cir. 12/23/14) 158 So.3d 114, *writ denied*, 15-462 (La. 1/8/16), 184 So.3d 692. On January 6, 2015, Defendant-Appellant filed an "APPLICATION FOR

REHEARING" with this court. On February 11, 2015, this court denied Defendant-Appellant's motion for rehearing.

On June 3, 2016, an evidentiary hearing was held where the trial court denied Defendant-Appellant's motion to quash, ruling:

> Well, as the Third Circuit went on to tell me, that should I find that it was authorized, that I should, at that time, deny the Motion to Quash and reinstate the charges against the defendant and proceed accordingly, and I so hold that the Motion to Quash is now denied, and the State is free to proceed accordingly with charges that are now reinstated.

On June 9, 2016, Defendant-Appellant filed a "NOTICE OF APPEAL" with the trial court. On June 13, 2016, the trial court granted Defendant-Appellant's notice of appeal with a return date of August 29, 2016. On July 19, 2016, this court lodged the appeal record for this case. On July 22, 2016, this court issued a rule to show cause why this case should not be dismissed, as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912(C)(1). On August 15, 2016, Defendant-Appellant filed a "BRIEF IN RESPONSE TO A RULE TO SHOW CAUSE" asserting that this court's "December 23, 2014 Ruling is unclear as to whether Mr. Catalon had the right to appeal again or a right of review per Louisiana Code of Criminal Procedure Article 912.1(C)(1)." Defendant-Appellant also asserted that "only in the event that an appeal is not granted, his Notice of Appeal should be treated as a Notice of Intent to file Supervisory Writs per *State v. Ducote*, 937 So.2d 933 (La.App. 3d Cir. 8/30/06)."

Louisiana Code of Criminal Procedure Article 912.1(C)(1) permits an appeal by a defendant from a judgment which imposes a sentence which did not occur since the case is in the pre-trial stage. Accordingly, we hereby dismiss Defendant-Appellant's appeal. However, Defendant-Appellant is hereby permitted to file a

2

application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED.   DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**