JOHNSON, Chief Justice,
would grant defendant’s writ application.
| defendant was charged by grand jury indictment with two counts of aggravated kidnapping and one count of aggravated burglary on October 29, 2009. After his court appearance on June 1, 2010, defendant was not present in court for any proceeding until October 1,2013. The state received formal notice that defendant was incarcerated in Texas on February 1, 2011. Given that the charges at issue in this case are non-capital felonies, La. Code of Crim. Proc. Article 578 required the State to bring defendant to trial within two years from the date of the bill of information. This Court has consistently held that the state “bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by Article 578.” State v. Groth, 483 So.2d 596, 599 (La. 1986); State v. Devito, 391 So.2d 813 (La. 1980); see also State v. Amarena, 426 So.2d 613 (La. 1983) State v. Driever, 347 So.2d 1132 (La. 1977). That burden requires the state to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. See generally State v. Taylor, 439 So.2d 410 (La. 1983); State v. Nations, 420 So.2d 967 (La. 1982); State v. Williams, 414 So.2d 767 (La. 1982).
On March 6, 2014, defendant filed a motion to quash, alleging the statutory and constitutional speedy trial deadlines had lapsed. The trial court initially granted the defendant’s motion to quash. The court of appeal conditionally affirmed the trial court ruling, but remanded to the trial court to determine whether the defense *835 agreed to the continuance granted by the trial court on February 22, 2013, even though neither appointed defense counsel, Frank Olivier, nor defendant was present for that hearing. The court of appeal further instructed the trial court to reverse its ruling on the motion.to quash, should it determine that defense counsel agreed to the continuance. See State v. Catalon, 14-0768 (La.App. 3 Cir. 12/23/14), 158 So.3d 114, writ denied, 15-0462 (La. 1/8/16), 184 So.3d 692. Following a hearing, the trial court ruled in favor of the state, having found specifically that defense counsel agreed to the continuance. The court of appeal affirmed. State v. Catalon, 16-0866 (La. App. 3 Cir. 12/16/16) (unpub’d).
Defendant asserts the trial court erred in denying the motion to quash, arguing that, because no attorney-client relationship had been established between defendant and his court-appointed attorney Frank Olivier, Mr. Oliver was not authorized to agree to a continuance on his behalf. Defendant states that he was unaware of his first retained counsel’s withdrawal of representation and states that he was also unaware that other counsel had been appointed to represent him. He maintains that he is not indigent and did not request appointed counsel. Defendant argues that these errors invalidate any actions Mr. Olivier took on his behalf as appointed counsel because he lacked authority to take them.
The record does not contain a written motion requesting a continuance. Louisiana Code of Criminal Procedure Article 580, addresses suspension of time [ limitations and states: “A. When a defendant files a motion to quash or other preliminary plea ... [ ] B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions, of Paragraph B of Article 709.” Article 709 deals with “continuance based on absence of a witness.” The record shows that the State made an oral motion for continuance in open court. Article 707 states the mandatory requirement that a Motion for Continuance shall be in writing and shall state the grounds for the motion. Additionally, any such motion made by a defendant must not only be in writing but must be verified by affidavit. Since defendant did not file a written motion to continue, Art. 580 does not apply.
The state’s attorney testified that, although she had no recollection of the particular hearing, since the record shows she orally requested a continuance on behalf of the defense, she surmised she had moved for the continuance as a convenience for defense counsel who could not attend the hearing. She noted this was routine between them. Mr. Olivier confirmed the existence of this regular practice, and also admitted that a specific recollection of this particular instance escaped him. Additionally, by Mr. Olivier’s own admission, he was unaware for months that he was representing defendant, either because he ignored, or never received notice from the clerk of court. He apparently had never met defendant, and he did not recognize him in court.
The Sixth Amendment right to counsel includes a criminal defendant’s right to secure counsel of his or her choice. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.158 (1932); Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). Accordingly, a court must give considerable deference to a Defendant’s choice of Counsel."
This record shows that the state not only requested a continuance on behalf of defendant’s' áppointed counsel,' but also raised the objection to the continuance. In Ldoing so, the state acted in its own interest in obtaining the continuance, -.thereby *836 creating a suspension in the delays, and circumventing the issue of a speedy trial. Moreover, when the state objected to the continuance, it amounted to the state arguing that it should be' allowed to proceed against an absent defendant, and his absent defense counsel, when it was the sole responsibility of the state to get the absent incarcerated defendant delivered to court.
In my view, the trial court was not clearly wrong in its initial finding granting defendant’s motion to quash. Considering the state’s three-year delay, between 2010 and 2013 in bringing an incarcerated defendant to court, and the egregious facts surrounding the February 22, 2013, motion hearing, wherein neither defendant nor his counsel were present, I would grant defendant’s writ application.
JOHNSON, C.J., would grant and assigns reasons.
WEIMER, J., would grant.
HUGHES, J., would grant for reasons assigned by C.J. Johnson.