369 So.2d 1299 (1979)
STATE of Louisiana
v.
Chester HAMILTON.
No. 63174.
Supreme Court of Louisiana.
April 9, 1979.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Marvin Opotowsky, Asst. Dist. Atty., for plaintiff-relator.
Paul L. Katz, Robert F. Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
MARCUS, Justice.
Chester H. Hamilton was charged by bill of information with unauthorized use of movables in violation of La.R.S. 14:68. Defendant filed a motion to quash the information and, after a hearing, the trial judge granted the motion. We granted the state's application under our supervisory jurisdiction to review the correctness of this ruling.
Defendant filed a motion to quash on September 19, 1978, alleging that the bill of information had been filed on September 7, 1977, and that the state had failed to commence trial within one year from the date of institution of prosecution as required by law. The record reflects, however, that the bill of information was in fact filed on September 23, 1977.
The penalty provision for unauthorized use of movables (La.R.S. 14:68), the offense charged, is a fine of not more than one hundred dollars or imprisonment for not more than six months, or both. Since this penalty does not provide for imprisonment at hard labor, the offense is a misdemeanor. La.Code Crim.P. art. 933(3), (4); La.R.S. 14:2(4), (6).
La.Code Crim.P. art. 578 provides in pertinent part:
Except as otherwise provided in this Chapter, no trial shall be commenced:
. . . . . .

*1300 (3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
A prosecution for an offense, other than one punishable by death or life imprisonment, shall be instituted in a district court by indictment or by information. La.Code Crim.P. art. 382.
La.Code Crim.P. art. 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
In the instant case, prosecution was instituted by a bill of information in a district court charging defendant with the offense of unauthorized use of movables (La. R.S. 14:68), a misdemeanor, on September 23, 1977. The state had one year from that date to commence trial or until September 23, 1978. Defendant's motion to quash the information was filed on September 19, 1978 (four days before the running of the limitation to commence trial). The motion to quash suspended the running of the period of limitation until the ruling of the court thereon but in no case shall the state have less than one year after the ruling to commence trial. The trial judge ruled on the motion to quash on October 3, 1978. Hence, the state has until October 3, 1979, to commence trial. Accordingly, the trial judge erred in granting defendant's motion to quash the information. We must reverse.

DECREE
The ruling of the trial judge sustaining the motion to quash is reversed and set aside; the case is remanded to the district court for further proceedings.