395 So.2d 740 (1981)
STATE of Louisiana
v.
Floyd FALKINS.
No. 80-K-2040.
Supreme Court of Louisiana.
March 2, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Sheila C. Myers, Asst. Dist. Attys., for plaintiff-relator.
Paul Katz, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
LEAR, Justice Ad Hoc.[*]
Floyd Falkins was tried by jury, convicted of armed robbery, La.R.S. 14:64, and sentenced to imprisonment at hard labor for thirty years. His conviction was overturned by this court on March 6, 1978, because of a violation of the doctrine of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and U. S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 2399, 49 L.Ed.2d 342 (1976).
The state attempted to obtain review, first, by application for rehearing which was denied and, secondly, by obtaining a stay of mandate and seeking review by the United States Supreme Court. That court denied the state's application for writs of certiorari on October 2, 1978. Prior thereto, this court had entered an order staying the mandate for a period of ninety (90) days from April 6, 1978, pending disposition of the writ before the United States Supreme Court. The mandate, therefore, issued on or about August 7, 1978. The one year prescriptive period for new trial commenced to run or about August 7, 1978.
There ensued the scheduling of a number of trial dates: (1) March 14, 1979, continued to April 16, 1979, on motion of the state; (2) *741 April 16, 1979, continued to April 26, 1979, by order of the trial court; (3) there is no entry for April 26, 1979; (4) May 24, 1979, on motion of defendant, trial continued without date; (5) March 21, 1980, trial specially fixed for May 13, 1980; (6) May 13, 1980, motion to quash based on prescription filed by defendant and subsequently granted by the court.
The trial court did not render written reasons for its decision, but in an apparent reliance on Article 582 of the Code of Criminal Procedure, granted the motion because more than one (1) year had elapsed since the new trial was granted.[1]
Article 582 must, however, be read and applied together with Articles 578, 580, 581 and 583.[2]State v. Alfred, 337 So.2d 1049 (1976).
Article 580 is quite clear: "When a defendant files a motion to quash or other preliminary plea, the running of the periods... shall be suspended ..." The record reveals no less than two preliminary pleas: (1) application for bill of particulars, March 15, 1979, March 30, 1979, and (2) motion to quash, May 13, 1980. Defendant also filed a motion for continuance on May 24, 1979, which was granted and all proceedings passed without date.
This court has more recently confronted this very issue in State v. Hamilton, 369 So.2d 1299 (La.1979). There the defendant was charged with the commission of a misdemeanor by bill of information. The defendant filed a motion to quash the bill on September 19, 1978, alleging that the bill had been filed on September 7, 1978, and that more than a year had elapsed. The records of court, however, revealed that in fact the bill of information had been filed on September 23, 1977. A unanimous court held that the filing of such a motion constituted a preliminary plea and, therefore, "... suspended the running of the period of limitations until the ruling of the court *742 thereon but in no case shall the state have less than one year after the ruling to commence trial." State v. Hamilton, supra; see also State v. Cranmer, 306 So.2d 698 (1975). Accordingly, the trial judge erred in granting the motion to quash the information. We must reverse.

DECREE
The ruling of the trial judge sustaining the motion to quash is reversed and set aside; the case is remanded to the district court for further proceedings.
NOTES
[*] Judges Covington, Chiasson and Lear of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Associate Justices Calogero, Marcus, Dennis and Blanche.
[1] Art. 582. Time limitations; effect of new trial

When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
[2] Art. 578. General rule

Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
Art. 579. Interruption of time limitation
The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.
The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
Art. 580. Suspension of time limitations
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
Art. 581. Expiration of limitations; motion to quash; effect
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial.
If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.
Art. 583. Interruption of time limitation where new trial
The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists.