JjPER CURIAM.
Writ Granted in Part, Otherwise Denied. Louisiana criminal statutes must be “given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” R.S. 14:3. The words provided by La.C.Cr.P. art. 573(1), taken in their usual sense, apply to charged offenses “based on any misappropriation of any money or thing of value by virtue of a defendant’s office, employment, or fiduciary relationship or has control thereof.” Thing of value “must be given the broadest possible construction, including any conceivable thing of the highest value, movable, immovable, corporeal, or incorporeal....” La. R.S. 14:2(2).
In the instant case, the indictment in count one alleges that the defendant conspired with various named persons “to accept cash payments and a condominium with the intent to influence his conduct in relation to his position, employment, or duty involving warehouse food storage contracts!!]” The bill of particulars explains these allegations, stating that the defendant allowed the named 1 ?co-conspirators to make “campaign contributions” in exchange for awarding themrthe food storage contracts. Accordingly, count one is based on the misappropriation of such contracts by virtue of the defendant’s “office, employment, or fiduciary relationship.” The defendant’s conduct thus falls under the plain language of La.C.Cr.P. art. 573(1) *118 and the prescriptive period began only when “the relationship or status involved has ceased to exist.”
We hereby reverse the portion of the trial court’s ruling granting the defendant’s motion to quash portions of count one as prescribed, and remand the matter to the trial court for reconsideration of its ruling in light of La.C.Cr.P. art. 573(1). In all other respects, the application is denied.