926 So.2d 493 (2006)
STATE of Louisiana
v.
Morris Randal FISH.
No. 2005-KK-1929.
Supreme Court of Louisiana.
April 17, 2006.
*494 PER CURIAM.
The state instituted prosecution of defendant by filing a bill of information on June 14, 2001, charging him with possession of methamphetamine in violation of La.R.S. 40:967(C). The state thereby had two years in which to bring him to trial, or no later than June 14, 2003. La.C.Cr.P. art. 578(2). Various circumstances, including hearings on pre-trial motions, changes in defendant's representation by counsel, and recusal of the original trial judge on his own motion, pushed back that date, and defendant's motion for a continuance, filed on November 7, 2003 and granted on November 17, 2003, then gave the state an additional year, or until November 17, 2004, in which to bring the case to trial. La.C.Cr.P. art. 580 (preliminary pleas suspend running of prescription until ruled upon, after which the state has one year, or the balance of the prescription period, whichever is longer, to bring the case to trial); State v. Fabacher, 362 So.2d 555, 556-57 (La.1978)(motion for a continuance constitutes a preliminary plea for purposes of art. 580).
On November 29, 2004, the defendant filed a motion to quash the prosecution on grounds that it had prescribed. The trial judge granted the motion and the court of appeal affirmed that ruling on grounds that all preliminary pleas had been satisfied by the time defendant moved for his continuance on November 7, 2003, and that defendant had therefore filed his motion to quash, another preliminary plea for purposes of La.C.Cr.P. art. 580, State v. Hamilton, 369 So.2d 1299, 1300 (La.1979), after the deadline of November 17, 2004, had passed. The court of appeal concluded that defendant was therefore entitled to relief. State v. Fish, 40,265 (La.App. 2nd Cir.6/27/05)(on reh'g).
The state applied for review of that decision in this Court arguing in part that the court of appeal failed to account for a motion to quash R.S. 40:967(C) filed by defendant's original attorney which the trial court has never considered. We need not address the state's argument that the motion, although apparently overlooked by all parties and seemingly abandoned, constituted a preliminary plea and a continuing cause of suspension for purposes of La.C.Cr.P. art. 580. Cf. State v. Wagster, 361 So.2d 849, 856 (La.1978)("[I]t is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise it may be considered that the motion has been abandoned."). The record shows that on July 8, 2004, the court conducted a status hearing during which the state and defense sought to pick a mutually-agreeable trial date. Both sides initially selected a date of September 27, 2004, within the expanded time limit, *495 but then picked a date of November 29, 2004, when the state discovered that another trial had been set for the earlier date.
Apparently, neither side realized at that time that the later November trial date came after the date on which the prosecution would prescribe. At the hearing on defendant's motion to quash the prosecution as untimely, the state made clear that it did not accuse defense counsel of bad faith but indicated that it would never have agreed to the date of November 29, 2004, if it had realized that counsel then intended to file a motion to quash on grounds that the prosecution had prescribed as of November 17, 2004. Defense counsel acknowledged at the hearing that he had agreed to the November 29 date without realizing its significance for prescription. Counsel further explained that as he began to prepare for trial he realized the agreed-upon trial date was in fact beyond the point of prescription that "it would be malpractice for me not to file a motion to quash."
However, without regard to the good faith or bad faith of counsel on either side, the status conference of July 8, 2004, constituted a grounds of suspension for purposes of La.C.Cr.P. art. 580 because it directly affected, by mutual assent, the state's ability to bring this case to trial in a timely manner. Whether the state and defense intended the result or not, the effect of their mutual agreement was to extend prescription beyond the date of November 17, 2004 in the same manner as if counsel had joined in a continuance for that avowed purpose. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1288-89 (joint motions for continuance constitute preliminary pleas for purposes of art. 580); State v. Anderson, 38,718, p. 19 (La.App. 2nd Cir.12/15/04), 889 So.2d 1237, 1248 (same); State v. Brent, 00-0072, pp. 5-6 (La.App. 4th Cir.11/29/00), 775 So.2d 565, 569 (same); Cf. State v. Brooks, 838 So.2d 02-0792, pp. 4-5 (La.2/14/03), 838 So.2d 778, 781 (continuance of status hearing for purposes of allowing defendant to substitute counsel suspended running of prescription because it actually affected the state's ability to prosecute the case and gave the state an additional year in which to bring the case to trial). Thus, the state had until July 8, 2005, in which to try this case, and counsel's motion to quash the prosecution on grounds of prescription then suspended that date and continues to suspend it while the appellate courts review the merits of the prescription issue. State v. Washington, 02-1346, p. 6 (La.5/20/03), 846 So.2d 723, 727.
Accordingly, the rulings below are reversed and this case is remanded to the trial court for further proceedings consistent with the views expressed herein.
RULINGS OF COURTS BELOW REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS.