PER CURIAM.
LThe state’s application is granted, the decision of the court of appeal is reversed, and this case is remanded for further proceedings in the district court consistent with the views expressed herein.
On August 22, 2002, the state indicted defendant/respondent, Commissioner of Agriculture and Forestry in Louisiana, for a variety of offenses arising from allegations of public corruption. In the complex procedural history that ensued, the state dismissed several counts, portions of the remaining counts became the subject of a plethora of motions to quash filed by the defense, appellate review of the trial court’s rulings on the motions proceeded in due course, and the state moved to continue the initial trial date set by the district court, December 2, 2002, pending completion of the appellate review process. The trial court denied the motion and the state sought emergency relief in the court of appeal, which denied it, State v. Odom, 02-2517 (La.App. 1st Cir.12/3/02)(Ciaccio, J., pro tem., dissenting), and then in this Court, which granted the state’s application, reversed the ruling of the Rfrial judge, and directed that “[t]he district court should not reset this case for trial until the merits of all of its rulings with respect to the remaining counts, including its partial quashing of five of the counts presently at issue in the court of appeal, have been finally resolved upon timely application for review by either the state or the defense.” State v. Odom, 02-2932 (La.12/5/02), 835 So.2d 1286. This Court further observed that “[t]he interests of judicial economy require that all of the counts remaining of the original indictment returned against respondent be tried together in a single proceeding unless properly severed.” Id.
Appellate review of the trial court’s rulings on respondent’s motions to quash various counts or parts of various counts remaining in the indictment continued throughout 2003 and into 2004 as the court of appeal affirmed the trial court’s order quashing several of the counts, including portions of count one. State v. Odom, 02-2404 (La.App. 1st Cir.6/27/03), 861 So.2d 202. This Court reversed the courts below with respect to count one (only) and remanded the case to the trial court for reconsideration of the motion to quash that count, State v. Odom, 03-2143 (La.10/17/03), 861 So.2d 117. The trial court subsequently denied respondent’s motion to quash count one altogether, and the court of appeal and this Court then denied review of that ruling. State v. Odom, 03-2784 (La.App. 1st Cir.3/22/04), writ denied, 04-0989 (La.6/4/04), 876 So.2d 76. This Court’s order of June 4, 2004, brought to a close appellate review of this aspect of the pre-trial litigation in the trial court.
On January 28, 2005, defendant moved to quash the indictment on grounds of the state’s failure to commence trial within the statutory time limit of two years from the institution of prosecution as required by *26 La.C.Cr.P. art. 578(2). The trial court granted the motion on February 11, 2005, and the state sought review of that 1¡¡ruling in the court of appeal, which affirmed the trial court’s judgment in a split opinion. A majority on the panel interpreted this Court’s December 5, 2002 order as “pertaining [only] to those matters that were pending at the time rendered,” State v. Odom, 05-0850, p. 14 (La.App. 1st Cir. 3/29/06)(unpub’d)(Kuhn, J., dissenting), 925 So.2d 776. In the view of the majority, the order therefore did not apply to the trial court’s subsequent ruling on December 20, 2002, quashing portions of count one of the indictment. On that premise, the majority calculated the running of the two-year time limit, subject to periods of suspension, from December 20, 2002, the date the trial court last ruled on respondent’s initial pre-trial motions, including the motion to quash count one, and concluded that the state had had until December 1, 2004, to commence trial, a date which had then lapsed nearly two months before respondent filed his motion to quash. Dissenting, Judge Kuhn argued that the effect of this Court’s December 5, 2002 order was to stay “the proceeding as to all of the remaining counts in the indictment until all preliminary matters, including the defendant’s motions to quash, were finally resolved.” Odom, 05-0850 at 1, 925 So.2d 776 (Kuhn, J., dissenting). Judge Kuhn therefore calculated that the state had one year from this Court’s order of June 4, 2004, denying respondent’s writ as to count one, or until June 4, 2005, a date that would not lapse until several months after respondent moved to quash the prosecution at the end of January, 2005.
The majority on the court of appeal panel erred. Apart from any question about how broadly to read our order of December 5, 2002, Louisiana’s statutory rules governing not only suspension of the time limits specified in La.C.Cr.P. art. 578 by the filing of “preliminary pleas,” La. C.Cr.P. art. 580, but also joinder of two or more offenses in a single proceeding, La. C.Cr.P. art. 493 and art. 493.1, combined to cause the delays in the present case. Once the original two-year |4period from institution of prosecution in the present case lapsed as a matter of La.C.Cr.P. art. 578(2), the state bore a heavy burden of justifying any subsequent delay. State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286; State v. Nations, 420 So.2d 967 (La.1982). However, a motion to quash constitutes a preliminary plea for purposes of La.C.Cr.P. art. 580 and suspends the running of the time limits from the date of filing until the date the trial court rules on the motion. State v. Hamilton, 369 So.2d 1299, 1300 (La.1979); State v. Butler, 302 So.2d 585, 587 (La.1974); cf. State v. Cranmer, 306 So.2d 698, 700 (La.1975) (a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial); State v. Elfert, 247 La. 1047, 175 So.2d 826, 828 (1965)(same). Appellate review of that ruling lengthens the period of suspension because the state may not bring the case to trial until the issues raised by the motion are fully and definitely resolved. See State v. Washington, 02-1346, pp. 4-6 (La.5/20/03), 846 So.2d 723, 726-27; cf. State v. Bennett, 610 So.2d 120, 125 (La.1992).
Accordingly, although the trial court ruled on respondent’s motion to quash count one after this Court issued its order of December 5, 2002, appellate review of that ruling, initiated first by the state and then pursued by the defense after the trial court reconsidered its grant of the motion, extended the period of suspension from the filing of the motion until this Court finally resolved matters by denying respondent’s writ application on June 4, 2004. The period of suspension applied not only as to count one but also as to all *27 remaining counts charged in the indictment because continued litigation over the validity of any one or more of the counts had the effect of delaying trial on all of the counts joined in the indictment unless, as our order of December 5, 2002, recognized, the charges were properly severed. See Washington, 02-1346 at 4, 846 So.2d at 726 (“We agree with the | BState that Washington’s application for a writ to the third circuit court to review the denial by the trial court of post-conviction relief on the armed robbery counts prevented the State from proceeding to trial on the aggravated rape count because of the proper joinder of the two counts in the indictment.”). Thus, because the surviving counts presently alleged in the indictment have remained joined in a single proceeding, the state had, as Judge Kuhn found, until June 5, 2005 in which the bring this case to trial. Respondent’s motion to quash filed on January 29, 2005, several months short of that date, once again suspended the time limits imposed by La.C.Cr.P. art. 578(2), and the state will therefore have at least an additional year in which to try the case from the date of finality of the decision herein. La.C.Cr.P. art. 580.
DECISION OF THE COURT OF APPEAL REVERSED; JUDGMENT OF TRIAL COURT GRANTING MOTION TO QUASH SET ASIDE; CASE REMANDED.
CALOGERO, C.J., and KIMBALL, J., would grant and docket.