PER CURIAM.
h Granted. Under the facts of the matter presented, we find the court of appeal erred in upholding the trial court’s grant of the defendant’s motion to quash. Relying on the four factors courts consider in determining whether a defendant’s right to a speedy trial has been violated, we find no violation of the defendant’s constitutional right. See Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). While a 30-month delay is certainly not insignificant, we find it is not necessarily as presumptively prejudicial a length of time as the lower courts, even in dissent, concluded. However, even assuming the delay was presumptively prejudicial, our examination of the reasons for the delay shows the defendant and the trial court were active parties to the delay, as well as the state. In addition, the record shows the defendant failed to object to any of the state’s continuances, and made no formal speedy trial claim until filing his motion to quash. Finally, the only prejudice the defendant enumerates is his inability to have chosen counsel. In the absence of allegations appointed counsel has been providing, or would in future provide, ineffective assistance, defendant fails to raise sufficient and specific prejudice, as opposed to only claims of general prejudice. The lower courts’ rulings on the motion to quash are in error and are reversed. The matter is remanded for further proceedings.
HUGHES, J., concurs in part and dissents in part for the reasons assigned by WEIMER, J.
JOHNSON, C.J., dissents.