CRAIN, J.
|2The defendant, Huy The Dao, was convicted of indecent behavior with a juvenile, a responsive verdict to molestation of a juvenile, and sentenced to two years imprisonment at hard labor, which was suspended, with two years active, supervised probation. See La. R.S. 14:81; La. R.S. 14:81.2. The defendant now, appeals arguing that the state failed to timely bring the case to trial and that his constitutional right to a speedy trial was violated. We affirm the conviction and sentence.
DISCUSSION
The defendant was convicted after a trial at which the victim testified that when he was sixteen years old, the defendant, who was his employer and godfather, touched his penis, performed' orál sex on him, and attempted to engage in anal sex with him. The defendant does not challenge the sufficiency of the evidence supporting his conviction. Rather, he complains about the timeliness of his trial, contending that the trial court erred in denying his motion to quash or dismiss his case for lack of speedy trial and failure to prosecute.
Generally, no trial shall be commenced in a non-capital felony case after two years from the date of the institution of prosecution, meaning the filing of an *994 indictment, or the filing of an information, or affidavit, which is designed to serve as the basis of a trial. See La. Code Crim. Pro. arts. 578A(2) and 934(7). However, when a defendant files a motion to quash or other preliminary plea, that time period is suspended until the ruling of the court thereon; but, in no case shall the state have less than one yeah after the ruling to commence the trial. See La. Code Crim. Pro. art. 580A. A preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial, including properly filed motions to quash, motions to suppress, or motions for a continuance,' as well as applications for discovery and bills of particulars. State v. Allen, 03-2815 (La. 4/23/04), 871 So.2d 1097, 1102. A motion for preliminary examination has the effect of delaying trial and is therefore also considered a preliminary plea. See State v. Harris, 11-253 (La.App. 5 Cir. 12/28/11), 83 So.3d 269, 283, writ denied, 12-0401 (La. 8/22/12), 97 So.3d 376.
In the instant case, -the state filed a bill of information on August 7, 2013. On October 25, 2013, the defendant filed numerous pretrial motions, including a motion for preliminary examination. The two-year time period for commencement of trial was then suspended until April 22, 2014, the date the trial court held the preliminary examination hearing and found probable cause. See La. Code Crim. Pro. arts., 578A(2) and 580A. The state had the balance of the prescriptive period (as it was longer than the one-year minimum time period provided by Louisiana Code of Criminal Procedure article 580), approximately twenty-two months, to bring the case to trial. See State v. Fish, 05-1929 (La. 4/17/06), 926 So.2d 493, 494. Fourteen months later, on September 29, 2015, the defendant’s jury trial was timely commenced. The trial court correctly denied the defendant’s motion to quash.
The defendant next asserts that his conviction and sentence should 'be set aside because his constitutional right to a speedy trial was violated. A defendant’s right to a speedy trial is guaranteed by both the federal and state constitution. See U.S. Const. amends VI, XIV; La. Const, art. 1, § 16; see also Klopfer v. State of North Carolina, 386 U.S. 213, 222-23, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967); State v. Love, 00-3347 (La. 5/23/03), 847 So.2d 1198, 1209. Whether there has been a violation of a defendant’s, right to a speedy trial requires weighing the conduct of both the prosecutor and the defendant in light of the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Edüd 101 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant’s assertion of his right to a speedy trial; and (4) the prejudice to the defendant. See Love, 847 So.2d at 1210; State v. Bodley, 394 So.2d 584, 594 (La. 1981). None of these four factors are “either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.” Barker, 92 S.Ct. at 2193. Instead, they are related factors to be considered together “in a difficult and sensitive balancing process.” Id.
Until there is some delay that is presumptively prejudicial, it is not necessary to inquire into the remaining factors of the balancing test. See Barker, 92 S.Ct. at 2192; State v. Mathews, 13-0525 (La. 11/15/13), 129 So.3d 1217, 1218; Lave, 847 So.2d at 1210. In this case, the delay between the institution of prosecution and the trial date was slightly under twenty-six months. The complained of delay between the preliminary exam and trial date is even shorter, measuring just over seventeen months. -These delays are not presumptively prejudicial; therefore we are not required to consider the remaining factors.
*995 The defendant’s arguments are without merit.
CONVICTION AND SENTENCE AFFIRMED.