STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KA 0591

STATE OF LOUISIANA

VERSUS

LAURA AMANDA KOZMA

Judgment Rendered:____**MAY 2 8 2020**____

* * * * * *

Appealed from the
22nd Judicial District Court
Parish of St. Tammany, State of Louisiana
Docket Number 587881

The Honorable Scott Gardner, Judge Presiding

* * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellant
State of Louisiana

Vincent F. Wynne, Jr.
Jeremy D. Goux
R. Gary Higgins, Jr.
Covington, Louisiana

Counsel for Defendant/Appellee
Laura Amanda Kozma

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY AND BURRIS,[1] JJ.

---

[1] The Honorable William J. Burris is serving as judge *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

The State of Louisiana appeals the trial court's January 17, 2019 ruling granting the defendant's motion to quash the bill of information based upon a violation of the defendant's right to a speedy trial. We reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The defendant, Laura Amanda Kozma, was charged by bill of information with theft over $1,500 and money laundering. *See* La. R.S. 14:67, 14:230(B). Specifically, the bill of information alleged that on or between October 19, 2012 and May 31, 2013, the defendant committed theft over $1,500 by the misappropriation or taking of property belonging to Belair Homeowner's Association (BHOA). The bill of information further alleged that during the same time period, the defendant committed money laundering by conducting, supervising, or facilitating a financial transaction involving proceeds known to be derived from criminal activity, wherein the value of the funds was twenty thousand dollars or more, but less than one hundred thousand dollars.

The record establishes the following procedural history relevant to our consideration of whether the trial court correctly found a constitutional violation of the defendant's right to a speedy trial and quashed the bill of information:

April 24, 2017:  The defendant was arrested.

May 5, 2017[2]:  The State filed the bill of information.

August 7, 2017:  The defendant was arraigned.

August 15, 2017:  The defendant filed a motion for bill of particulars, a motion to suppress evidence, a motion to suppress confession, and a prayer for oyer.

---

[2]     The bill of information has a typewritten date of July 10, 2017, which is also reflected in the record index, but a file stamp dated May 5, 2017. The trial judge referenced the July 10 date at the hearing on the motion to quash and the May 5 date in his written reasons. The defendant relies on the May 5 date in making her argument. We use the earlier file stamp date for our consideration of the speedy trial issue.

September 5, 2017: The pending motions and the trial date were continued on motion of the State without objection.

October 2, 2017: The pending motions were continued on motion of the defendant.[3]

October 6, 2017: The pending motions and the trial date were continued on joint motion of the State and the defendant.

October 30, 2017: "Pursuant to bench conference," the trial court continued the pending motions and the trial date without objection.

December 21, 2017: "Pursuant to bench conference," the trial court "deferred" the pending motions without objection.

January 24, 2018: "Pursuant to bench conference," the trial court continued the pending motions without objection, and the trial date was continued on joint motion of the State and the defendant.

April 23, 2018: "Pursuant to bench conference," the trial court set the pending motions for June 1, 2018, and a trial date of August 6, 2018 without objection.

June 1, 2018: "Pursuant to bench conference," the trial court continued the pending motions without objection.

July 30, 2018: The pending motions were continued on motion of the defendant, and the trial date was continued on joint motion of the State and the defendant.

October 17, 2018: The pending motions and the trial date were continued on motion of the State without objection.

November 26, 2018: The pending motions were continued "without date" on motion of the defendant.

December 10, 2018: The trial date was continued on joint motion of the State and the defendant.

January 14, 2019: The defendant filed a motion to quash and, "[p]ursuant to bench conference," the trial court continued the matter.

January 17, 2019: The trial court granted the motion to quash based on violation of the defendant's right to a speedy trial.

---

[3]    The minutes of the October 2, 2017 hearing were corrected to remove language indicating the continuance was granted on motion of the defendant. However, the transcript shows the defendant's attorney was not present at the hearing and counsel who appeared on her behalf requested that the court "pass these motions to Friday," because the State had provided additional discovery that the defendant's attorney had not yet reviewed. Where there is a conflict between the transcript and the minutes, the transcript prevails. *State v. Lynch*, 441 So. 2d 732, 734 (La. 1983). Consequently, the continuance is attributed to the defendant.

3

## RIGHT TO A SPEEDY TRIAL

A defendant's right to a speedy trial is guaranteed by both the federal and state constitution. *See* U.S. Const. amends VI, XIV; La. Const. art. 1, § 16; *see also Klopfer v. State of North Carolina,* 386 U.S. 213, 222-23, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967); *State v. Love,* 00-3347 (La. 5/23/03), 847 So. 2d 1198, 1209. Whether there has been a violation of a defendant's right to a speedy trial requires weighing the conduct of both the prosecutor and the defendant in light of the four factors set forth in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right to a speedy trial; and (4) the prejudice to the defendant. *See Love,* 847 So. 2d at 1210; *State v. Bodley,* 394 So. 2d 584, 594 (La. 1981). None of these four factors are "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." *Barker,* 92 S.Ct. at 2193. Instead, they are related factors to be considered together "in a difficult and sensitive balancing process." *Id.* However, the first factor is considered the "triggering mechanism" and if it is determined the delay is not presumptively prejudicial, the remaining factors need not be considered. *Love,* 847 So. 2d at 1210. The Louisiana Supreme Court has explained:

> [T]he peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. Something that is acceptable in one case, may not be acceptable in another because the complexity of the case must be considered. The manner of proof must also be considered, as must the gravity of the alleged crime.

*Love,* 847 So. 2d at 1210 (citations omitted).

In support of her motion to quash, the defendant argued her right to a speedy trial arguably commenced in May 2013, when the Sheriff's Office initiated its investigation into the alleged crimes. She claimed that she was thereafter subjected to public scorn, embarrassment, deprived of employment, curtailed in

4

her associations, and endured extreme anxiety. She noted that once the Sheriff's Office closed its investigation, the case remained inactive and dormant until it was referred to the Attorney General's Office in 2016. She argued that at the very latest, her right to a speedy trial commenced when she was arrested on April 24, 2017. She claimed that under either calculation, the length of time was significant enough to be presumptively prejudicial and trigger inquiry into the remaining *Barker* factors.

The defendant contended the sole reason for the delay was the State's inability or unwillingness to bring the matter to trial. The defendant referenced a lack of evidence, including financial records and information from the BHOA, noting the State repeatedly and candidly represented to the court that it was unprepared to try the case. She further referenced one occasion where the state sought a continuance based on its representation that a scheduled meeting with the Louisiana Bureau of Investigation could result in a dismissal of the case; however, the meeting resulted in a request for additional investigation. The defendant also argued that Dr. Robert Miles, a former BHOA board member who died during the delay, was always an active defender and supporter of the defendant when the issues in this case arose and would have been a key witness at trial.

The State opposed the motion, arguing prosecution was instituted in May 2017; therefore, the case was pending less than the two-year time limitation for institution of prosecution established by Louisiana Code of Criminal Procedure article 578. The State argued the delay did not violate the defendant's right to a speedy trial, reasoning that "white collar" crimes in particular took longer to resolve, noting this case involved thousands of pages of discovery. The State also explained that during the course of the case the defendant raised defenses not addressed in the initial investigation. The State represented that it was actively seeking financial information relative to the case. Further, the State noted it filed a

5

*Prieur*[4] notice indicating its intent to introduce evidence of prior convictions and was in the process of obtaining additional information from both the FBI and the State of Arkansas. The State additionally pointed out that during the pendency of the case, there had been both defense and joint continuances.

In its written reasons for granting the motion to quash, the trial court found the defendant established all of the *Barker* factors. The trial court stated that at all trial settings the State admitted its investigation was incomplete and as recently as January 14, 2019, represented it was still not ready for trial. The trial court explained that although the minutes might reflect the defendant moved for or joined in requests for continuances, all of the continuances were caused by the State's failure to obtain evidence to support the charges. The trial court noted that counsel for the BHOA indicated that many of the requested documents were no longer available due to the passage of time, and that during the delay, a BHOA member who would have testified for the defense had died.

The right to a speedy trial attaches when an individual becomes an accused, whether by formal indictment or bill of information or by arrest and actual restraint. *State v. Odom*, 03-1772 (La. App. 1 Cir. 4/2/04), 878 So. 2d 582, 593, *writ denied*, 04-1105 (La. 10/8/04), 883 So. 2d 1026. Therefore, the defendant's right to a speedy trial attached when the bill of information was filed, not, as the defendant argued, when the investigation began. *See United States v. Loud Hawk*, 474 U.S. 302, 312, 106 S.Ct. 648, 654, 88 L.Ed.2d 640 (1986) (recognizing the right to a speedy trial guaranteed by the Sixth Amendment does not limit the length of a pre-indictment criminal investigation though that investigation may cause stress, discomfort, or a disruption to normal life). Thus, the delay between institution of prosecution and trial was less than two years. Given the specific crimes charged, we do not find a delay of this length was presumptively

---

[4]     *See State v. Prieur*, 277 So. 2d 126 (La. 1973).

6

prejudicial, particularly where the defendant conceded she was released from custody immediately following her arrest and the record does not indicate she was thereafter incarcerated. However, we find it appropriate to consider the remaining *Barker* factors reviewed by the trial court in reaching its decision. *Cf. State v. Bell*, 13-0117 (La. 9/27/13), 122 So. 3d 1007; *Love*, 847 So. 2d at 1210.

The second factor is the reason for the delay. The record reflects the defendant's case was repeatedly continued; however, the delays were not solely attributable to the State. Rather, four continuances were ordered by the trial court without motion of the parties or pursuant to a bench conference. Six continuances were ordered upon motion of the defendant alone or by joint motion of the defendant and the State. The record shows no objection by the defendant to the continuances ordered without a motion or to those ordered on motion of the State. Further, the record shows no indication the defendant actively sought a hearing or ruling on the outstanding motions. In fact, on November 26, 2018, the motions were continued without date at the defendant's request.

In considering the third factor, the assertion of her speedy trial right, the *Barker* balancing test allows a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely *pro forma* objection. *Barker*, 92 S.Ct. at 2191. A defendant's failure to assert the right does not constitute a waiver, but will make it difficult to prove she was denied a speedy trial. *See Barker*, 92 S.Ct. at 2193. The record before us reflects the defendant made no formal speedy trial claim before filing her motion to quash. Considering this, her assertion by means of the motion to quash is not entitled to significant weight. *See Barker*, 92 S.Ct. at 2194-95; *Love*, 847 So. 2d at 1212.

The final *Barker* factor to be considered is the prejudice to the defendant resulting from the delay. The assessment of prejudice involves weighing the defendant's interests to prevent oppressive pretrial incarceration, to minimize the

7

anxiety and concern of the accused, and to limit the possibility the defense will be impaired. *Barker*, 92 S.Ct. at 2193. Impairment of a defendant's ability to prepare her case is the most serious form of prejudice normally experienced by an accused whose trial is delayed because the inability of a defendant to adequately prepare her case skews the fairness of the entire system. *See Barker,* 92 S.Ct. at 2193. The stigma of being charged with the crime, without a showing the delay impaired defense against the charges, does not establish prejudice. *See State v. Batiste*, 05-1571 (La. 10/17/06), 939 So. 2d 1245, 1250-51.

The defendant argued to the trial court that she had been "severely prejudiced by the State's unreasonably long delay." She claimed she endured continued anxiety and stress following her arrest, and though she was not incarcerated, "remained subject to the significant restrictions of [her] bond." She also contended a "key witness" had died, referring to Dr. Robert Miles, a BHOA member when the crime was allegedly committed. The defendant argued in her memorandum that Dr. Miles "was known to be an outspoken defender and supporter of [the defendant] as it relates to these allegations and charges pending before [the] Court. For these reasons, Dr. Miles' testimony would have been a crucial and compelling part of [the defendant's] defense." Further, she argued that "crucial, exculpatory financial records" were lost during the delay.

The record before us reflects no violation of the defendant's constitutional right to a speedy trial. The defendant was subjected to a delay of less than twenty-one months, during which time she was not incarcerated. Although she claims all of the delays were due to the State's unpreparedness, she did not object to the continuances and even joined in some of the requests. Further, she did not move for a speedy trial before filing her motion to quash. *See Bell*, 122 So. 3d at 1007. The defendant claimed she was prejudiced by the death of a witness and the loss of evidence; however, she has not provided specific details regarding the expected

testimony of the witness or the lost evidence. *See State v. Dyer*, 06-0619 (La. 7/11/06), 933 So. 2d 788, 792 (*per curiam*), *cert. denied sub nom.*, *Thomas v. Louisiana*, 549 U.S. 1122, 127 S.Ct. 945, 166 L.Ed.2d 722 (2007) (where despite the defendants' claim that two important witnesses were lost, one of whom they claimed had died, the Court found the defendants failed to show specific prejudice from the delay absent details as to why those witnesses were material). We observe too that the delays in the present case do not necessarily inure solely to the detriment of the defendant because "time can tilt the case against either side ... [and] one cannot generally be sure which [side] it has prejudiced more severely." *See Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 655, 112 S.Ct. 2686, 2693, 120 L.Ed.2d 520 (1992)).

Considering the foregoing, the trial court's January 17, 2019 ruling granting the motion to quash is reversed and this matter is remanded for further proceedings.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 0591

STATE OF LOUISIANA

VERSUS

LAURA AMANDA KOZMA

GUIDRY, J., dissents and assigns reasons.

**GUIDRY, J., dissenting.**

The complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. State v. Love, 00-3347, pp. 9-10 (La. 5/23/03), 847 So. 2d 1198, 1206. However, a trial court's legal findings are subject to a de novo standard of review. See State v. Smith, 99-0606, p. 3 (La. 7/6/00), 766 So. 2d 501, 504.

A defendant's Sixth Amendment right to a speedy trial is a fundamental right imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Klopfer v. State of N.C., 386 U.S. 213, 222, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). See also La. Const. art. 1, § 16. The underlying purpose of this constitutional right is to protect a defendant's interest in preventing oppressive pretrial incarceration, minimizing anxiety and concern, and limiting the possibility that the defense will be impaired. Barker, 407 U.S. at 532, 92 S.Ct. at 2193. The United States Supreme Court identified four factors to determine whether a particular defendant had been deprived of his right to a speedy trial, namely: (1) the length of delay; (2) the reason for the delay; (3)

the defendant's assertion of his right; and (4) prejudice to the defendant.  Barker, 407 U.S. at 530, 92 S.Ct. at 2192.  The Louisiana Supreme Court has explained:

> The first of the Barker factors, the length of the delay, is a threshold requirement for courts reviewing speedy trial claims.  This factor serves as a "triggering mechanism."  Unless the delay in a given case is "presumptively prejudicial," further inquiry into the other Barker factors is unnecessary.  However, when a court finds that the delay was "presumptively prejudicial," the court must then consider the other three factors. [Citations omitted.]

Love, 847 So. 2d at 1210.

Under the rules established in Barker, none of the factors are regarded "as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial."  Barker, 407 U.S. at 533, 92 S.Ct. at 2193.  Instead, they are related factors that must be considered together with other relevant factors "in a difficult and sensitive balancing process."  Id.

Until there is some delay that is presumptively prejudicial, it is not necessary to inquire into the remaining factors of the balancing test.  See Barker, 407 U.S. at 530, 92 S.Ct. at 2192; Mathews, 13-0525 at p. 2, 129 So. 3d at 1218; Love, 00-3347 at p. 16, 847 So. 2d at 1210; State v. Huy The Dao, 16-1076, p. 4 (La. App. 1st Cir. 6/2/17), 222 So. 3d 992, 994.  The trial court, in its reasons, found that this Barker factor was met, I do not disagree with that finding.

With respect to the second Barker factor, the reason for delay, the trial court made clear that the delay was clearly attributable to the State.  Prior to the filing of the motion to quash in this case, there were twelve dates on which continuances were ordered.  Despite the fact that the defendant, through her attorney, moved for or joined in some of the continuances, the trial court found that at all times, the continuances were caused by the state's failure to obtain evidence to support the charges. The trial court took pains to note that, "at no time has any prosecutor been in a position to represent that the case investigation was complete. Thus, at no time

2

has the state maintained that it had tendered all discovery to which the defendant was entitled."

As to the third <u>Barker</u> factor, the assertion of her speedy trial right, I note that the <u>Barker</u> balancing test allows a court to weigh the frequency and force of the objections as opposed to attaching significant weight to a purely pro forma objection. <u>Barker</u>, 407 U.S. at 529, 92 S.Ct. 2191. The trial court gave significant weight to the defendant's efforts to move this matter forward, including seeking a subpoena duces tecum to acquire the necessary evidence to move this matter to trial. The trial court found that this factor was met, and the record before us supports that finding.

Regarding the final <u>Barker</u> factor, actual prejudice to the accused, as noted by the trial court in its reasons:

> Exhibits introduced at the hearing on Defendant's Motion to Quash showed that Defendant sought a subpoena duces tecum to be issued to the BHOA for records evidencing the charges. After the BHOA failed to fully comply with the subpoena, Counsel for the Defendant followed up with a letter. In response, a letter from Trey Lape, counsel for BHOA, clearly and concisely established that many of the documents requested were no longer available, due to the passage of time. Furthermore, the State did not contest the fact that a witness, who was a Board Member of the Association would have testified at trial on Defendant's behalf. During the delays occasioned by the State, that witness has died.

The trial court's finding that the actual prejudice factor under <u>Barker</u> was met is fully supported by the record.

On the record before us, I cannot say that the trial court abused its discretion in granting the defendant's motion to quash based on a violation of the defendant's constitutional right to a speedy trial. Therefore, I respectfully dissent from the majority's opinion in this matter.

3