STATE OF LOUISIANA

VERSUS

MARLON A SAGASTUME

NO. 24-KA-562

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-6772, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING


September 24, 2025


**SCOTT U. SCHLEGEL**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel


**REVERSED AND REMANDED**
   **SUS**
   **FHW**
   **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
STATE OF LOUISIANA

    Honorable Paul D. Connick, Jr.

    Thomas J. Butler

    Darren A. Allemand

    Cullen Kiker

COUNSEL FOR DEFENDANT/APPELLEE,
MARLON SAGASTUME

    John A. Venezia

    Julie O'Shesky

**SCHLEGEL, J.**

The State of Louisiana seeks review of the trial court's September 5, 2024 ruling which granted the Motion to Quash for Failing to Timely Commence Trial filed by defendant, Marlon Sagastume. For the following reasons, we convert the State's appeal to a writ application, grant the writ application, and reverse the trial court's ruling granting the motion to quash.

## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent underlying facts and procedural history were set forth in this Court's prior opinion in *State v. Sagastume*, 23-224 (La. App. 5 Cir. 12/27/23), 379 So.3d 137, 140, *writ denied,* 24-135 (La. 3/19/24), 381 So.3d 712.

> On December 20, 2021, defendant, Marlon Sagastume, was charged by bill of information with driving while intoxicated, third offense, in violation of La. R.S. 14:98(A) and La. R.S. 14:98.3(A). The bill of information provides that on June 6, 2021, defendant operated a vehicle while intoxicated having been previously convicted of violating La. R.S. 14:98 on: 1) June 11, 2003, in the First Parish Court for the Parish of Jefferson; and 2) June 24, 2004 in the 29th Judicial District Court for the Parish of St. Charles. On February 8, 2022, defendant pled not guilty.
>
> On August 30, 2022, defendant filed a motion to quash the bill of information, asserting that the two predicate convictions could not be used to enhance his DWI charge to a third offense, because the two predicate convictions fell outside of the ten-year "cleansing period" set forth in La. R.S. 14:98(C)(3). On November 28, 2022, the State filed a memorandum in opposition to defendant's motion to quash, arguing that the ten-year cleansing period had not elapsed, because La. R.S. 14:98(C)(3) provides that the time period under which defendant was "under an order of attachment for failure to appear" shall be excluded in computing the ten-year period.

On January 19, 2023, the trial court granted defendant's motion to quash the two predicate convictions, and the State filed a motion for appeal, which the trial court granted. This Court converted the State's appeal to a writ application based on our finding that the ruling granting the motion to quash was not a final, appealable judgment that ended the proceedings. This Court reasoned that the proceedings were still ongoing because quashing of the predicate offenses reduced

the charge to a first offense misdemeanor DWI, which was still ongoing. This Court then reviewed the matter under its supervisory jurisdiction and denied the State's writ application on December 27, 2023. *Id*. at 149. The State sought further supervisory review from Louisiana Supreme Court, which denied the writ application on March 19, 2024. *See State v. Sagastume*, 24-135 (La. 3/19/24), 381 So.3d 712.

On July 18, 2024, defendant filed a second motion to quash on the grounds that the State failed to timely commence trial against him pursuant to La. C.Cr.P. art. 578. Defendant argued that after the trial court granted defendant's motion to quash the predicate offenses on January 19, 2023, the charge was reduced to a misdemeanor first offense DWI and the State failed to commence trial for this misdemeanor offense within the one year required under La. C.Cr.P. art. 578(A)(3).

Additionally, defendant argued that pursuant to La. C.Cr.P. art. 580, the filing of the motion to quash suspended the time limit to commence trial so after the trial court granted the motion to quash on January 19, 2023, the State had one year to commence trial. Defendant recognized that the State sought further review of the trial court's ruling granting the first motion to quash in both this Court and the Louisiana Supreme Court. He argued, however, that a writ application filed by the State did not interrupt or suspend the running of the time period to commence trial because it was not a filing made by the defendant. He further argued that the State made no effort to expedite review, request a stay, or ask the trial court to set the matter for trial. He contended that more than one year passed from the trial court's ruling on the first motion to quash without any valid interruption or suspension of the time period to commence trial, and thus, the first offense DWI charge prescribed as of January 19, 2024.

On August 15, 2024, the State filed an opposition to defendant's motion to quash arguing that pursuant to La. C.Cr.P. art. 580, defendant's first motion to quash suspended the Article 578 time limitation and that this suspension continued throughout the entire time the State sought supervisory review from this Court and the Louisiana Supreme Court. As a result, the State argued that the time to commence trial did not begin to run again until the Louisiana Supreme Court denied its writ application on March 19, 2024. The State argued that until that time, it was in dispute whether the State could prosecute defendant for a felony third offense DWI or a misdemeanor first offense DWI.

Following a hearing on September 4, 2024, the trial court granted the motion to quash the first offense DWI charge. The trial court agreed with defendant that the applications for supervisory review filed by the State did not suspend or interrupt the time limitations to commence trial. On September 5, 2024, the State filed a motion for appeal, which the trial court granted on September 9, 2024.

## LAW AND DISCUSSION

### *Appealability of Judgment*

Although the State's motion for appeal was granted by the trial court, our review reveals that the judgment granting defendant's motion to quash the misdemeanor DWI charge is not an appealable judgment. This Court's appellate jurisdiction extends only to cases that are triable by a jury. *State v. Karim*, 19-133 (La. App. 5 Cir. 9/9/20), 302 So.3d 1200, 1203, *writ denied*, 20-1185 (La. 1/12/21), 308 So.3d 713. Unless the punishment that may be imposed exceeds six months imprisonment or a fine is imposed in excess of $1,000.00, a misdemeanor is not triable by a jury. La. C.Cr.P. art. 779; *Karim*, 302 So.3d at 1203.

In *State v. Drury*, 506 So.2d 772, 773 (La. App. 1 Cir. 1987), the State sought review of the trial court's grant of the defendant's motion to quash the prosecution of the two remaining misdemeanor offenses. The court noted that,

although La. C.Cr.P. art. 912 provided in pertinent part that the State may appeal an adverse ruling on a motion to quash, the appellate jurisdiction of the Courts of Appeal was constitutionally limited by La. Const. Art. V, § 10(A). The court found that it did not have appellate jurisdiction because neither of the two remaining charged offenses that were the subject of the appeal were punishable by more than six months imprisonment, and therefore, neither offense was triable by jury. *Id.*

In the present matter, this Court upheld the trial court's ruling granting the motion to quash the two predicate convictions used to charge defendant with a third-offense DWI. *Sagastume*, *supra*. As such, the grade of the offense was reduced from a third-offense DWI to a first offense DWI. The State now seeks review of the trial court's granting of a motion to quash a misdemeanor DWI offense, first offense, in violation of La. R.S. 14:98, which at the time of the offense carried a possible fine of not less than three hundred dollars nor more than one thousand dollars, imprisonment for not less than ten days nor more than six months, or both. See La. R.S. 14:98.1. Therefore, the offense at issue in this case—first offense DWI—is a misdemeanor not eligible for a jury trial.

When an appeal is filed within the time delay for filing an application for supervisory writs, and where the interests of justice and judicial economy would be better served, an appellate court may convert an unauthorized appeal to a supervisory writ. *Sagastume*, *supra*; *State v. Jackson*, 22-34 (La. App. 1 Cir. 9/16/22), 353 So.3d 732, 735; *State v. Lyons*, 13-180 (La. App. 5 Cir. 10/9/13), 128 So.3d 407, 412-13. In the present case, the State filed its motion for appeal within the time delays for filing an application for supervisory writs, in accordance with Uniform Rules-Courts of Appeal, Rule 4-3. Based on the timely filing and in the interest of justice and judicial economy, we convert the State's appeal to a writ

application and address the issues presented pursuant to our supervisory jurisdiction.[1]

### *Motion to Quash as Untimely*

The question presented to this Court on appeal is when did the time to commence trial begin to run again after the trial court granted defendant's motion to quash the two predicate offenses?  Defendant contends the time limitation began to run again on January 19, 2023 – the date the trial court ruled on the motion to quash.  The State contends that the time period did not commence again until the trial court's ruling became final after review by this Court and the Louisiana Supreme Court.  The State reasons that until the Supreme Court denied its writ application on March 19, 2024, the issue of whether it could prosecute defendant for a felony third offense DWI or a misdemeanor first offense DWI was in dispute.  The State further argues that if the time period began to run again after the trial court's ruling, it would have effectively prohibited it from seeking review of the ruling granting the motion to quash.

A trial court's ruling on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion.  *State v. Brooks*, 16-345 (La. App. 5 Cir. 12/28/16), 210 So.3d 514, 518-19.  However, the trial court's legal findings are subject to a *de novo* standard of review.  *State v. Hamdan*, 12-1986 (La. 3/19/13), 112 So.3d 812, 816.  When the defendant shows the State has failed to bring him to trial within the time specified by Article 578, the State bears a heavy burden of demonstrating either an

---

[1] In its appellate brief, the State also asks this Court to reverse the trial court's ruling on the same day, which granted defendant's oral motion to quash a misdemeanor charge for reckless operation pending in a separate case (Case No. 21-6773).  The ruling quashing the reckless operation charge is not properly before this Court on review.  The State admits that it did not file a motion or notice indicating its intent to seek review of the ruling in Case No. 21-6773.  The motion for appeal filed in the present matter only indicates the State's intent to appeal the dismissal of the DWI pending in Case No. 21-6772, the case before this Court.  Thus, we will not address the ruling granting the oral motion to quash the reckless operation charge.

interruption or a suspension of the time limit extended the time to commence trial. *State v. Joseph*, 25-206 (La. 6/25/25), 412 So.3d 216, 218-19.

Pursuant to La. C.Cr.P. art. 578, the offense charged determines the applicable time limitation to commence trial:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:

(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.

B. The offense charged shall determine the applicable limitation.

The limitation period may be extended by the effect of suspension or interruption. *State v. Mouton*, 23-723 (La. 5/10/24), 384 So.3d 845, 847. A motion to quash or preliminary plea filed by a defendant suspends the limitation period established by La. C.Cr.P. art. 578 "until the ruling of the court thereon;" however, in no case shall the State have less than one year after the ruling to commence trial. La. C.Cr.P. art. 580. A preliminary plea is any plea filed after the prosecution is instituted and before the trial that causes the trial to be delayed, including motions to quash, motions to suppress, or motions for continuance, as well as applications for discovery and bills of particulars. *Mouton*, 384 So.3d at 848.

In *State v. Odom*, 06-975 (La. 11/3/06), 941 So.2d 24, 26, the Louisiana Supreme Court recognized that appellate review of a motion to quash "lengthens the period of suspension because the state may not bring the case to trial until the issues raised by the motion are fully and definitely resolved." The defendant in *Odom* was indicted by a grand jury and charged with 21 felony counts, including public bribery, theft, extortion, malfeasance in office, filing or maintaining false public records, money laundering, and

conspiracy. The defendant filed several motions to quash "various counts and parts of various counts," which the trial court granted in part and denied in part. *Id*. at 25. Just as in the present matter, these rulings were on review in the appellate court and then the Louisiana Supreme Court for an extended period of time until June 4, 2004. On June 28, 2005, the defendant moved to quash the indictment on grounds that the State failed to commence trial within two years from the institution of prosecution as required by La. C.Cr.P. art. 578. The trial court granted the motion to quash and the appellate court affirmed the decision.

The Louisiana Supreme Court reversed the lower courts' rulings recognizing that pursuant to La. C.Cr.P. art 580, a motion to quash suspends the running of time limits until the court rules on the motion. The Supreme Court further held that this suspension continued while the rulings on the motions to quash were pending review by the appellate court and Louisiana Supreme Court. *Id*. at 26; *see also State v. Stewart*, 15-1845 (La. 5/12/17), 219 So.3d 306, 309 ("Though La. C.Cr.P. art. 580 provides that the filing of a motion to quash suspends the limitations period only until the court has ruled on the motion, because the parties have pursued review in the court of appeal and here, the limitations period has been suspended pending finality of this review."); *State v. Bennett*, 610 So.2d 120 (La. 1991) (defendant was granted a new trial and the Louisiana Supreme Court held that the suspension of time to commence trial continued while the State filed a writ application with the Supreme Court seeking review of the ruling granting the new trial).

We further recognize that La. C.Cr.P. art. 579(A)(2) provides that the period of limitation to commence trial can be interrupted by "any other cause beyond the control of the state." Louisiana courts have recognized

that delays created by the State's exercise of its right to review by appellate courts is a "cause beyond the control of the state" under La. C.Cr.P. art. 579(A)(2). *See State v. Lathers*, 05-786 (La. App. 1 Cir. 2/10/06), 924 So.2d 1038, 1044, *writ denied*, 06-1036 (La. 11/3/06), 940 So.2d 659; *State v. Cotton*, 01-1781 (La. App. 1 Cir. 5/10/02), 818 So.2d 968, 973, *writ denied*, 02-1476 (La. 12/13/02), 831 So.2d 982.

To support his argument that the writ applications filed by the State did not suspend the time period to commence trial, defendant relies on this Court's decision in *State v. Williams*, 93-694 (La. App. 5 Cir. 2/9/94), 631 So.2d 1370, *writ denied*, 94-606 (La. 6/3/94), 637 So.2d 499. Defendant contends that the *Williams* case stands for the proposition that a writ application filed by the State can essentially never serve to suspend the time period to commence trial. This is simply wrong. In *Williams*, the trial court granted the defendant a new trial, and instead of seeking direct review of that ruling, the State moved to recuse the trial judge. The *Williams* court recognized that if the State had sought direct review of the ruling granting the motion for new trial, the time limitation would not have started to run again until the judgment became final following appellate review. *Id.* at 1373-74. However, because the State filed a motion to recuse, the time period was never suspended.

The *Williams* case is clearly distinguishable and inapplicable to the present matter because it involved a motion to recuse *initially filed by the State*. As a result, the suspensive effect of La. C.Cr.P. art. 580 was not triggered by the State-filed motion in *Williams* because this statute only applies "[w]hen a defendant files a motion to quash or other preliminary plea." In the instant matter, defendant filed a motion to quash which triggered the Article 580 suspension of the time to commence the trial. As

recognized by the Louisiana Supreme Court in *Odom*, *supra*, the suspension under this provision then remained in effect while the ruling on the motion to quash was pending review by this Court and Louisiana Supreme Court.

Thus, we find that the trial court erred by granting the motion to quash and concluding that the time period to commence trial began to run again after it ruled on defendant's motion to quash the predicate convictions. As demonstrated above, this interpretation is unsupported by applicable law and would have effectively denied the State the right to seek review of the ruling on the motion to quash. The State would be forced to prosecute the matter as a misdemeanor offense, and would be barred from prosecuting the matter as a felony offense in the event the trial court's ruling was later overturned.

## DECREE

Accordingly, we reverse the trial court's September 5, 2024 ruling granting the motion to quash filed by defendant, Marlon Sagastume, and remand for further proceedings.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-KA-562

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLANT)     THOMAS J. BUTLER (APPELLANT)          JOHN A. VENEZIA (APPELLEE)

**MAILED**
JULIE O'SHESKY (APPELLEE)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2828
NEW ORLEANS, LA 70130

HONORABLE PAUL D. CONNICK, JR.
(APPELLANT)
DISTRICT ATTORNEY
CULLEN KIKER (APPELLANT)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053