780 So.2d 1234 (2001)
STATE of Louisiana, Appellee,
v.
Michael JONES, Appellant.
Nos. 34,542-KA, 34,543-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2001.
*1236 Indigent Defender Board, by John M. Lawrence, Benton, Counsel for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, J. Schuyler Marvin, Assistant District Attorney, Counsel for Appellee.
Before BROWN, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Michael Jones, was initially charged with, and indicted on, one count of first degree murder and one count of attempted first degree murder. On February 22, 2000, Defendant pled guilty to one count of manslaughter and one count of attempted manslaughter. Defendant filed a motion to quash the indictment concurrent with his plea, asserting all charges should have been dismissed as they had prescribed due to lack of prosecution. The motion to quash was denied. On the count of manslaughter, the trial court sentenced Defendant to 25 years at hard labor, without benefit of parole, probation or suspension of sentence, to be served consecutively with a 5-year sentence for the count of attempted manslaughter, for a total sentence of 30 years. Defendant has appealed the denial of his motion to quash and further asserts that his sentence is excessive. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY
To understand the instant case, it is necessary to sketch the time line of events that are the bases of Defendant's appeal. On November 13, 1994, Defendant fatally shot Demetrius Brown with a .12 gauge shotgun. During the incident, he also shot and wounded his former girlfriend Jane Harrison Sneed. On December 9, 1994, Defendant was indicted for first degree murder and attempted first degree murder. He pled not guilty to both counts on December 16, 1994.
Defendant was initially represented by the Indigent Defender Board ("IDB"). On *1237 March 3, 1995, however, Defendant hired private counsel, H. Cameron Murray. On April 9, 1995, Defendant escaped from custody and was at large until he was rearrested on October 31, 1996. On January 22, 1997, Defendant appeared in court and stated that he had retained counsel, though none was present with him, and the matter was continued. He appeared on several more occasions without counsel until February 9, 1998, when Mr. Murray appeared in open court as Defendant's counsel, and a status conference was set. Mr. Murray later filed a motion to withdraw as counsel on August 17, 1998, which was taken under advisement by the trial court. The matter was not addressed again until June 3, 1999, when the trial court appointed the IDB to represent Defendant. On July 16, 1999, a trial date of September 27, 1999, was set. Six days before the trial was to begin, however, the IDB filed a motion to withdraw as counsel citing a conflict of interest.[1] The conflict was waived; and, on February 22, 2000, Defendant pled guilty to one count of manslaughter and one count of attempted manslaughter.

DISCUSSION

Failure to Timely Prosecute
Defendant asserts that the State failed to timely prosecute him because the three- and two-year limitation periods for the commencement of trial applicable to the charges against him had expired. La. C.Cr.P. art. 578 states:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation. First degree murder is a capital offense and is, therefore, subject to the three-year prescriptive period to commence prosecution. Attempted first degree murder is a felony and, thus, subject to the two-year prescriptive period to commence prosecution.
A motion to quash is the proper procedural vehicle for a defendant to allege that the time limitation for the commencement of trial has expired. See La. C.Cr.P. art. 532(7); State v. Morris, 99-3235 (La.2/18/00), 755 So.2d 205, citing State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284. The responsibility of proving timely prosecution rests with the state. State v. Harris, 29,574 (La.App.2d Cir.5/7/97), 694 So.2d 626. When a defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, supra.
La.C.Cr.P. art. 579 provides for an interruption of the prescriptive period:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. B. The periods of limitation established by Article 578 shall commence to run *1238 anew from the date the cause of interruption no longer exists.
In the context of this case, "institution of prosecution" occurred on the filing of an indictment. La.C.Cr.P. art. 934(7); see State v. Butler, 302 So.2d 585 (La.1974). On December 9, 1994, Defendant was indicted for first degree murder and attempted first degree murder.
There is a distinction between the terms suspension and interruption. Prescription is interrupted when the state is unable, through no fault of its own, to try a defendant within the period specified by statute. La.C.Cr.P. art. 579(A)(2); State v. Rome, supra. Once the cause of interruption is removed, the time limitation begins anew. La.C.Cr.P. art. 579(B); State v. Rome, supra.
In contrast, when a defendant files a preliminary plea, such as a motion for continuance, the time period established by Article 578 is suspended. La. C.Cr.P. art. 580; State v. Evans, 627 So.2d 664 (La.App. 2d Cir.1993). A preliminary plea, for the purposes of La.C.Cr.P. art. 580, means any plea filed after prosecution is instituted, but before the trial that causes the trial to be delayed. State v. Elfert, 175 So.2d 826, 247 La. 1047 (La. 1965). This suspension lasts only from the date the motion is filed until the date the trial court rules on the motion. State v. Cranmer, 306 So.2d 698 (La.1975). Where prescription is suspended, the relevant period is not counted toward the applicable time limitation. After the trial court rules on the motion, the state has a minimum period of one year from the date of the ruling in which to commence trial. La. C.Cr.P. art. 580, Official Comment (a); State v. Evans, supra.
When Defendant escaped custody in April 1995 and remained at large until he was re-arrested on October 31, 1996, the prescriptive period was interrupted under La.C.Cr.P. art. 579(A)(1). A new prescriptive period, therefore, began to run anew on October 31, 1996. Consequently, the State had until October 31, 1999, to commence a trial in this case as to the first degree murder charge and until October 31, 1998, to commence trial of the attempted first degree murder charge. This is a total of 1095 and 730 days, respectively.
Defendant contends that the time for the State to commence trial as to the first degree murder charge had elapsed by 114 days, and that the time to commence trial as to the attempted first degree murder charge had elapsed by 479 days. After his second arrest in 1996, however, we find that there were delays sufficient to bring both of Defendant's guilty pleas within the required two-year and three-year periods.
Following Defendant's recapture on October 31, 1996, there were no further interruptions of the prescriptive period. In regard to suspension of the prescriptive period, however, the following minute entries and filings are shown:
January 22, 1997 Defendant appeared in open court without counsel for a scheduled status conference. At that time, Defendant informed the court that he had hired counsel and the status conference was passed until the next jury term.
This did not act as a suspension of time as it was not a preliminary plea. At that time, 82 days of the prescriptive period had elapsed.
April 16, 1997 State filed a motion to determine counsel which was to be heard on April 18, 1997. State also filed notice of trial in which status conference was set for May 12, 1997, and trial is set for November 3, 1997.
April 18, 1997 Defendant appeared for a status conference pursuant to previous notice. The State's motion to determine counsel was withdrawn on this day as well.
This did not act as a suspension of time as it was not a preliminary plea. An additional 86 days, or a total of 168 days, had elapsed.
May 12, 1997 Defendant appeared for a status conference pursuant to notice. *1239 This did not act as a suspension of time as it was not a preliminary plea. An additional 24 days, or a total of 192 days, had elapsed.
July 31, 1997 Defendant's counsel, Mr. Murray, filed a motion for continuance for the prior August 18, 1997 status conference and November 3, 1997 trial date. There was a notation on the order stating, "Judge Bolin said this was now moot." Presumably, this was because the date had already been refixed.
August 18, 1997 Defendant appeared without counsel for a status conference.
This did not act as a suspension of time as it was not a preliminary plea. An additional 98 days, or a total of 290 days, had elapsed.
November 24, 1997 Defendant appeared for status conference without counsel. The notice setting this date was filed by the State on November 17, 1997, and set the trial date for June 22, 1998. Although the status conference was continued, the trial date remained the same.
This did not act as a suspension of time as it was not a preliminary plea. An additional 98 days, or a total of 388 days, had elapsed.
February 9, 1998 Defendant's counsel, Mr. Murray appeared for the scheduled status conference, which was continued to April 6, 1998. The trial date remained June 22, 1998.
This did not act as a suspension of time as it was not a preliminary plea. An additional 77 days, or a total of 465 days, had elapsed.
August 17, 1998 Mr. Murray made an oral motion to withdraw, which the trial court took under advisement.
This was a preliminary plea on behalf of Defendant and acted to suspend prescription until ruled on in accordance with La. C.Cr.P. art. 580. An additional 189 days, or a total of 654 days, had elapsed.
June 3, 1999 The trial court appointed the IDB to represent Defendant.
The prescriptive period began to run again from the date of the trial court's ruling. In accordance with La.C.Cr.P. art 580, the State has an additional year from this date to commence trial, or until June 3, 2000.
On this record, therefore, we find that the trial court did not err in denying Defendant's motion to quash. Prescription for the charges of attempted first degree murder and first degree murder were to elapse on October 31, 1998, and October 31, 1999, respectively, or within 730 and 1095 days, respectively. Since prescription was suspended as of August 17, 1998, prior to the dates the prescriptive periods would have elapsed, or prior to 730 days elapsing, and did not commence again until June 3, 1999, allowing for another year pursuant to La.C.Cr.P. art. 580, Defendant's guilty pleas on February 22, 2000, were timely.

Excessive Sentence
Defendant asserts that the trial court failed to give weight to the following factors that should have resulted in a more lenient sentence: the role of Ms. Sneed in contributing to the problems between Defendant and Demetrius Brown; the larger size of Demetrius Brown compared to Defendant; and the fact that Defendant is the father of six children ranging in age from 5 to 17. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not *1240 been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record adequately indicates the trial court was aware of the matters urged by Defendant prior to imposing sentence.
Further, the trial court complied with La.C.Cr.P. art. 894.1, giving adequate reasons for the sentence. A Pre-Sentence Investigation ("PSI") report was ordered by the trial court prior to the imposition of sentence. The trial court noted at the sentencing hearing that the PSI report revealed that Defendant had a lengthy criminal history which included several charges for crimes of violence against the person. The trial court stated that that fact, coupled with the seriousness of the offenses charged, equated to the necessity of the sentence imposed.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has wide discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
By pleading guilty to manslaughter and attempted manslaughter, Defendant faced maximum jail exposures of 40 years and 20 years, respectively, as opposed to the death penalty or life imprisonment for first degree murder. La. R.S. 14:27; 14:30. He was sentenced to 25 years on the manslaughter count and 5 years on the attempted manslaughter count, the sentences to run consecutively, or a total sentence of 30 years. The sentence imposed is within the statutory guidelines and reflects the benefit Defendant received by his plea bargain. It is not excessive. We find no error in the trial court's reasoning. This assignment is without merit.

CONCLUSION
For the foregoing reasons, the convictions of manslaughter and attempted manslaughter and the corresponding sentences imposed on Defendant, Michael Jones, of 25 years and 5 years respectively, to run consecutively, are affirmed. Costs are assessed to Defendant, Michael Jones.
AFFIRMED.
NOTES
[1] One of Defendant's victims, Jane Harrison Sneed, had been represented by the IDB in an unrelated matter.