# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 20-084

**STATE OF LOUISIANA**

**VERSUS**

**DAVIAN BESSARD**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. CR-60736
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Candyce G. Perret and
Jonathan W. Perry, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED;
REMANDED WITH INSTRUCTIONS.**

**JaVonna R. Charles-Young**
**Public Defender's Office, Fifteenth Judicial District**
**204 Charity Street**
**Abbeville, Louisiana  70510**
**(337) 898-2090**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Davian Bessard**


**Honorable Keith Stutes**
**District Attorney, Fifteenth Judicial District**
**Ted L. Ayo**
**Assistant District Attorney, Fifteenth Judicial District**
**100 North State Street, Suite 215**
**Abbeville, Louisiana  70510**
**(337) 898-4320**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PERRY, Judge.**

Defendant appeals the denial of his motion to quash prosecution on the grounds that it had prescribed. For the following reasons, we affirm Defendant's convictions and sentences. However, we remand this matter to the district court with instructions to establish a payment plan for court costs and presentence investigation report fee and to specify the amount of the monthly supervision fee, which was imposed as a condition of Defendant's probation.

## FACTS

On August 26, 2016, the grand jury for Vermilion Parish returned a true bill charging Defendant, Davian Bessard, with one count of second degree murder and one count of second degree kidnapping, violations of La.R.S. 14:30.1 and La.R.S. 14:44.1, respectively. Specifically, the indictment alleged that on or about May 23, 2016, Defendant "did commit second degree murder of Jeremiah Walker" and "did use Taiya Mitchell as a human shield wherein said Taiya Mitchell was physically injured[.]" Defendant pled not guilty.

On April 4, 2019, the defense filed a written "Motion to Quash with Incorporated Memorandum of Law" with the district court. In this pleading, the defense sought to quash the charges based on arguments that the limitations on prosecution under La.Code Crim.P. arts. 532(7), 578(A)(2), 580, and 581 had expired.

On April 8, 2019, the State filed a "Memorandum of Law in Opposition to Motion to Quash Filed Herein by Defendant, Davian Bessard." In its brief, the State argued the defense had suspended the running of the limitations on prosecution by filing numerous preliminary pleas and motions for continuances. On May 6, 2019, the State filed a supplemental memorandum in opposition to the motion to quash listing with specificity the suspension of the limitations on prosecution.

On May 10, 2019, Defendant filed a "Defense Response to State's Original and Supplemental Memorandums of Law in Opposition to Defendant's Motion to Quash." In its pleading, the defense disagreed with what suspended the time limitations.

A hearing on Defendant's motion to quash was conducted on May 17, 2019, after which the matter was taken under advisement. On July 8, 2019, the district court issued the following written reasons for denying Defendant's motion to quash:

> Defendant argues that on August 26, 2016, the Grand Jury returned a true bill charging the defendant with second degree murder. As a result, the two year prescriptive date period would be on August 26, 2018. Defense counsel filed motions for bond reduction and a motion to compel outstanding discovery. He argues that neither motions are preliminary pleas for the purpose of prescription. Further, defendant cites to Jones and Brooks in support of his position that numerous pre-trial status conferences were held however they are not considered preliminary pleas unless something occurs at the pre-trial status conference to delay trial. State v. Jones, 780 So.2d 1234, 34,542 (La.App. 2 Cir. 2/28/01), 34,543 (La.App. 2 Cir. 2/28/01); State v. Brooks, 838 So.2d [778], 783 (La. [2/1/03]).

> The state argues that they were engaged with the defense in plea negotiations. There was a delay in the offering of a plea to a lesser offense due to the state's difficulty in contacting victim's next of kin, Ms. Bertha Willis. It was not until May 30, 2018, when Ms. Willis and the state agreed to a manslaughter offer to extend to defense counsel. Once Ms. Willis gave her approval of the plea offer[,] the matter was set for trial on January 14, 2019, at the next status conference. Defense counsel further, by written motion, moved to continue the trial date from January 14th to April 8, 2019.

> In non-capital felony cases, the state has two years [from] the date of institution of prosecution in order to bring the matter to trial. La. C.Cr.P. Art. 578. When a motion to quash or other preliminary plea is filed on behalf of the defendant this may have the effect of suspending prescription. La. C.Cr.P. Art. 580. When a defendant brings a motion to quash based on the running of prescription, the burden rest[s] on the state to either show an interruption or suspension of the time limitation has occurred. State v. Jones 780 So.2d 1234, 34,542 (La.App. 2 Cir. 2/28/01), 34,543 (La.App. 2 Cir. 2/28/01).

> A preliminary plea is any plea filed after prosecution but before trial that causes the trial to be delayed. State v. Jones 780 So.2d 1234, 34,542 (La.App. 2 Cir. 2/28/01), 34,543 (La.App. 2 Cir. 2/28/01). An

appearance in open court for the purpose of status conferences does not constitute [a] "preliminary plea" that would suspend prescription. *Id.* In State v. Brooks, the Court concluded that a continuance of a status hearing, which allowed defendant to retain counsel for his inexplicably missing counsel constituted a preliminary plea because the state's ability to prosecute the case was actually affected until the defendant was able to once again obtain representation. State v. Brooks[,] 838 So.2d 778, 2002-0792 (La. 2/14/03).

After a review of the evidence submitted, this court finds that prescription, on its face, ran on August 26, 2018. Therefore, the state has the burden of showing an interruption or suspension of prescription has occurred. The state submitted the transcript of the August 2, 2018, status hearing. At this hearing, both the state and the defense certified they were ready for trial. A date in November was originally suggested; however, defense counsel stated she had another second degree murder trial and would not want two serious trials that close to one another. At that time, the state and defense mutually agreed to set the matter for trial on January 14, 2019. Subsequently, defense requested the trial date be continued to April 8, 2019.

This court disagrees with defense counsel's argument. As in State v. Fish 926 So.2d 493, 2005-1929 (La. 4/17/06), the state and defense in this matter, at a pretrial status conference, mutually agreed to a trial date beyond the two year prescriptive period. This mutual agreement was on August 2, 2018, which was within the prescriptive period. This court, therefore, follows the Court['s] ruling in Fish and finds that this mutual consent to set the matter outside of the prescriptive period, suspended the running of prescription for one year from the date of the hearing, that being August 2, 2018. As a result of the foregoing, defendant's Motion to Quash is denied.

On July 12, 2019, the defense filed with the district court notice of its intent to seek supervisory review. On July 12, 2019, the district court issued an order setting August 9, 2019, as the return date for the writ application.

On application for supervisory review, this court denied relief on the showing made:

**WRIT DENIED:** Defendant filed a writ application with this court seeking supervisory review of the trial court's denial of Defendant's motion to quash the indictment based on the expiration of the time for bringing the case to trial. Defendant's writ application is deficient. It does not comply with La.Code Crim.P. art. 912.1(C); Uniform Rules— Courts of Appeal, Rule 4–5; and *City of Baton Rouge v. Plain*, 433 So.2d 710 (La.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 246 (1983). The writ application is missing a copy of the ruling complained of; a copy of any written reasons for ruling; a copy of the minutes of court; a

3

transcript of the hearing held on Defendant's motion to quash; and a copy of all exhibits introduced at the hearing. Accordingly, Defendant's writ application is denied on the showing made.

*State v. Bessard*, 19-552 (La.App. 3 Cir. 10/3/19) (unpublished opinion).

Prior to this court's writ ruling, Defendant, on August 8, 2019, entered a plea of nolo contendere to the amended, reduced charges of manslaughter, in violation of La.R.S. 14:31, and aggravated obstruction of a highway, in violation of La.R.S. 14:96. As part of the plea agreement, the district court ordered a pre-sentence investigation, set a sentencing cap for each charge at ten years, agreed to run the penalties concurrently, credited Defendant for all time served since his May 23, 2016, arrest date, and directed Defendant to pay a $150.00 fee in accordance with La.Code Crim.P. art. 875(A)(4)(a). Also in accordance with the plea bargain, the State agreed to refrain from filing a habitual offender bill in the instant case. At the time of the plea, Defendant, in accordance with *State v. Crosby*, 338 So.2d 584 (La.1976), reserved his right to appeal the issues raised in his motion to quash.

Defendant appeared for sentencing on October 17, 2019. After considering the information presented, the district court: 1) imposed four years at hard labor for the manslaughter; 2) credited Defendant for all time served; 3) imposed eight years at hard labor for the aggravated obstruction of a highway; 4) directed the penalties to run concurrently with each other and any other; 5) suspended the eight-year sentence; 6) placed Defendant, upon his release, on three years of supervised probation with both general and special conditions; 7) fined Defendant $150.00; 8) ordered Defendant to pay $470.50 for costs of court; 9) and directed Defendant to pay a $150.00 fee in accordance with La.Code Crim.P. art. 875(A)(4)(a). Defendant now appeals the issue reserved at the time of his plea.

4

**MOTION TO QUASH**

In his sole assignment of error, Defendant contends the district court erred in denying his motion to quash the bill of information on grounds the State failed to timely commence trial within two years from the date of his indictment as required by La.Code Crim.P. art. 578. He argues that because he was indicted on August 28, 2016, the State's failure to commence trial by August 28, 2018, means the two-year time limit expired and the charges against him must be dismissed pursuant to La.Code Crim.P. art. 581. For the following reasons, we find no error in the district court's ruling.

Louisiana Code of Criminal Procedure Article 578(A)(2) provides that trial of noncapital felonies must be held within two years from the date of institution of prosecution. "Institution of prosecution" includes the finding of an indictment which is designed to serve as the basis of a trial. La.Code Crim.P. art. 934(7). Once the issue is raised, the State bears "the burden of proving the facts necessary to show that the prosecution was timely instituted." La.Code Crim.P. art. 577; *see also State v. Duraso*, 12-1463, 12-1465 (La.App. 3 Cir. 12/11/13), 127 So.3d 1015, *writs denied*, 14-50, 14-74 (La. 6/20/14), 141 So.3d 286. A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. La.Code Crim.P. art. 532(A)(7).

We review judgments on motions to quash for abuse of discretion. *State v. Gray*, 16-687 (La. 3/15/17), 218 So.3d 40. "[A]n appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. However, the trial court's legal findings are subject to a de novo standard of review." *Id*. at 43 (citations omitted).

The two-year limitation can be interrupted by the absence of the defendant, which causes the time limitation to recommence once the defendant becomes

available.  La.Code Crim.P. art. 579.  The two-year time limitation for bringing the case to trial can also be suspended:

> A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon;  but in no case shall the state have less than one year after the ruling to commence the trial.

> B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709 [a witness unavailable due to their United States Military Service deployment].

La.Code Crim.P. art. 580.  Generally, the filing of a preliminary plea suspends the time limitation until the ruling thereon:

> A suspension lasts from the date a qualifying motion is filed until the date the trial court rules on the motion, at which time the running of the time limit resumes.  *State v. Richter*, [51,259 (La.App. 2 Cir. 8/9/17), 243 So.3d 1193, 1195]; *State v. Otkins-Victor*, [15-340 (La.App. 5 Cir. 5/26/16), 193 So.3d 479, 530, *writ denied*, 16-1495 (La. 10/15/18), 253 So.3d 1294].  The period of suspension is not counted toward the prescriptive period.  *Id*.  After the trial court rules on the motion, the state has either the remainder of the time limitation or a minimum period of one year from the date of ruling in which to commence trial, whichever time is longer.  *Id*.

*State v. Killingsworth*, 53,059, p. 9 (La.App. 2 Cir. 11/20/19), 285 So.3d 84, 90, *writ denied*, 20-164 (La. 7/24/20), 299 So.3d 68.

As the statutes do not define "other preliminary plea" for purposes of La.Code Crim.P. art. 580(A), we must examine jurisprudence to determine whether any suspension of the two-year time limitation occurred in the instant case.  In *State v. Brooks*, 02-792, p. 6 (La. 2/14/03), 838 So.2d 778, 782 (citations omitted), the supreme court held that in order to qualify as a preliminary plea, the pleading must have the effect of delaying trial:

> [A] preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial.  These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars.  Joint motions for a continuance fall under the same rule.

6

Pro se pleadings are not exempt from constituting preliminary pleas even if the trial court denied them based on them not being filed or adopted by enrolled counsel. *State v. Sinclair*, 45,625 (La.App. 2 Cir. 11/3/10), 55 So.3d 47, *writ denied*, 10-2718 (La. 4/29/11), 62 So.3d 110; *and see*, *State v. Tillman*, 43,569 (La.App. 2 Cir. 10/22/08), 997 So.2d 144, *writ denied*, 08-2836 (La. 9/25/09), 18 So.3d 85 (holding that a pro se motion for speedy trial did not constitute a preliminary plea because it was not a dilatory motion).

*Continuances*

The continuance of a status conference does not constitute a preliminary plea unless it impacts the trial date:

> Respondent argues in this Court that the resetting of a status conference is not the equivalent of granting a continuance of trial, particularly in a case in which the state had not set a trial date until nearly three-quarters of the prescriptive period had already elapsed.
>
> We agree with respondent to the extent that the resetting of status conferences may have no impact on a trial date and should therefore not invariably provide the state with an additional year in which to bring the defendant to trial. . . . [In this case,] the resetting of the status conference did not constitute a preliminary plea for purposes of La.C.Cr.P. art. 580[, thereby] providing the state with an additional year to bring the case to trial[,] because it had no apparent impact on the state's ability to prosecute the case.

*Brooks*, 838 So.2d at 783. *See also*, *State v. Marshall*, 99-2884 (La.App. 1 Cir. 11/8/00), 808 So.2d 376 (holding the defendant's motion to continue a status conference was a preliminary plea where the testimony at the hearing showed that a single status conference was customary and that it was set one month before trial, which meant continuing the status conference delayed the trial).

"Oral motions to continue[, which affect the trial date,] can also suspend the time period for bringing a defendant to trial." *State v. Catalon*, 14-768, p. 4

7

(La.App. 3 Cir. 12/23/14), 158 So.3d 114, 117, *writ denied*, 15-462 (La. 1/8/16), 184 So.3d 692.

In *State v. Fish*, 05-1929 (La. 4/17/06), 926 So.2d 493, the supreme court found that a mutual agreement to a trial date beyond the two-year limitation; whether knowingly, unknowingly, in good faith, or in bad faith; suspended the prescriptive period since the parties' agreement directly affected the State's ability to bring the case to trial in a timely manner.

In *State v. Elfert*, 175 So.2d 826 (La.1965), the supreme court held that, when a continuance is granted for the purpose of allowing a defendant to secure representation by counsel, the period of suspension is extended beyond the date of the ruling on the motion to continue and lasts until the defense notifies the trial court that the defendant had obtained such representation. However, in order to qualify for an extension of the suspension, the defendant's lack of representation must have the effect of delaying trial. *See Brooks*, 838 So.2d 778.

*Discovery*

In *State v. Powell*, 19-696, pp. 16-17 (La.App. 3 Cir. 3/25/20), 297 So.3d 841, 851-53, this court recently extended the period of suspension in reference to motions for discovery to include the time between the trial court's ruling and the date the State filed its initial discovery answer:

> We agree with the trial court's ruling that prescription was suspended until the motion for discovery was initially answered by the State. In *State v. Thomas*, 51,346, pp. 10-11 (La.App. 2 Cir. 6/21/17), 223 So.3d 759, 766, *writ denied*, 17-1264 (La. 3/9/18), 237 So.3d 523, the second circuit addressed the need for a ruling on a premature defense motion as follows:
>
> > In *State v. Oliver*, 34,292 (La. App. 2 Cir. 5/9/01), 786 So.2d 317, this court found:
> >
> > > Obviously[,] a motion filed before formal institution of prosecution cannot suspend the prescriptive period for bringing a defendant

to trial because the prescriptive period has not begun to run. Additionally, such motions are subject to dismissal by either party. On the other hand, if the motions have not been dismissed when prosecution is instituted by the filing of a bill of information or by indictment, then the defect of prematurity is cured and the motions become preliminary pleas. When prescription is suspended, the relevant period is not counted toward the two-year time limitation. The suspension lasts until the court rules thereon. *State v. Cranmer*, 306 So.2d 698 (La.1975); *State v. Pratt*, 32,302 (La. App. 2 Cir. 9/22/99), 748 So.2d 25.

In *State v. Jackson*, [40,376 (La.App. 2 Cir. 12/14/05), 916 So.2d 1274, *writ denied*, 06-442 (La. 9/22/16), 937 So.2d 376], this court expanded its holding in *Oliver*, *supra*, by finding that the filing of the state's answer to an outstanding motion for bill of particulars negated the trial court's need for ruling on the motion, and suspension of the prescriptive period ends upon the filing of said answer.

. . . .

A review of the record for timeliness issues shows that several events occurred to suspend the running of the two-year time limitation. First, a premature motion for bill of particulars, filed on May 7, 2012, immediately suspended the running of prescription because the defense did not dismiss the premature motion after the filing of the grand jury indictment. Failure to dismiss the motion after institution of prosecution cured the defect of prematurity and suspended prescription upon the filing of the indictment. This suspension could not end until either the trial court ruled upon the motion or the state filed a response, whichever occurred first.

Accordingly, we find no error in the trial court's findings that discovery was satisfied three weeks after the motion for discovery was granted and that the time for commencing trial was suspended until the motion was satisfied.

Although Defendant complained about discovery in emails and the State relies on those complaints to assert the motion for discovery was not satisfied until the filing of Defendant's "Motion and Order to Set Aside Motion Date" on April 3, 2019, we find that correspondence between the parties does not constitute a preliminary plea. Moreover, "[t]he State is under a continuing obligation to promptly disclose

9

> additional evidence that may be discovered or that it decides to use as evidence at trial. La. C.Cr.P. art. 729.3." *State v. Humbles*, 14-643, pp. 14-15 (La.App. 5 Cir. 3/11/15), 169 So.3d 547, 557, *writ denied*, 15-725 (La. 3/24/16), 190 So.3d 1195.
>
> The bill of information was filed on July 27, 2016. The only preliminary pleas filed by Defendant were a motion for discovery and a motion to recuse. As previously noted, the motion for discovery was signed four days after it was filed. Even given the three weeks the trial court added to the prescriptive period for the filing of the State's initial answer to discovery, the State failed to request a trial date until after the time for bringing Defendant to trial lapsed. Additionally, the motion to recuse was granted the same day it was filed, adding nothing to the time period to commence trial. Even assuming, *arguendo*, that the trial could not proceed until the Attorney General took over prosecution of the case on September 18, 2017, the time to commence trial would still have expired before the State moved to set a trial date on January 7, 2019. After the trial date was set, Defendant filed a "Motion and Order to Set Aside Motion Date," but that motion did not disturb the trial date.

This court had previously found that the filing of discovery motions suspended the two-year limitation until the State filed its answers to those motions. *State v. Fanguy*, 94-143 (La.App. 3 Cir. 10/5/94), 643 So.2d 860, *writ denied*, 94-2726 (La. 4/21/95), 653 So.2d 563.

The fourth circuit has held that a trial court's *sua sponte* recognition that an order for discovery had not been satisfied and was, therefore, outstanding, constituted a motion and order for continuance made by the trial court on behalf of and to the benefit of the defense; as such, it was a preliminary plea and triggered a suspension of the time limitation. *State v. Lewis*, 16-224 (La.App. 4 Cir. 12/29/16), 209 So.3d 202, *writ denied*, 17-340 (La. 9/14/18), 251 So.3d 1087, *vacated on other grounds*, ___ U.S. ___, 140 S.Ct. 2711 (2020).[1]

In *State v. Jones*, 41,449 (La.App. 2 Cir. 9/20/06), 940 So.2d 61, the second circuit examined whether a motion for discovery constituted a preliminary plea where the defense had already received a copy of the requested discovery prior to

---

[1]The United States Supreme Court vacated Lewis's conviction and remanded to the fourth circuit for consideration in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020).

the motion being filed.  The second circuit determined that the unnecessary motion

for discovery constituted a preliminary plea:

> By filing the motion for discovery, at the very least, the state is required
> to review the motion and determine if it must comply with the discovery
> request.  Moreover, it is the filing of the preliminary plea, such as a
> motion for discovery, that triggers the suspension of the prescriptive
> period.  The suspension lasts until the motion is ruled upon, but in no
> event does the state have less than one year from the ruling to
> commence trial.  La. C. Cr. P. art. 580.  In this instance, there was no
> ruling required and Swift [(the filing attorney)] subsequently informed
> the D.A. he would not be enrolling as counsel of record.  We conclude,
> however, that the filing did trigger the one-year period provided by
> Art. 580.

*Id*. at 74.[2]

*Bail*

"A motion to reduce bond is not a preliminary plea that operates to suspend

the two-year time limitation where the motion does not concern evidentiary matters

bearing on the offense and is unlikely to have caused any delay in the matter

proceeding to trial."  *State v. Barnett*, 50,213, p. 10 (La.App. 2 Cir. 8/12/15), 174

So.3d 748, 755.

*Analysis*

In this instant case, there were no interruptions of the two-year time limitation

for bringing the matter to trial.  Therefore, the following timeline will discuss the

possible  suspensions of the time limitation.  The preliminary pleas filed and ruled

upon more than a year before the initial trial deadline extend the deadline for

commencing by the number of days between the filing of and the ruling on the

pleading; whereas, preliminary pleas filed closer to the end of the prescriptive period

---

[2]Defense counsel contends that only the first motion for discovery filed by counsel in a case should be considered a preliminary plea; however, we find no jurisprudence supporting this assertion.  Defense counsel rationalizes this contention by claiming the subsequent filings for discovery directly resulted from the prosecution's failure to fulfill the initial discovery order.  However, as all motions to quash and all motions to continue that delay trial, however many filed, are computed as suspensions of the time limitation for bringing a case to trial, it seems that all motions for discovery should, likewise, suspend the two-year time limitation.

have a greater impact as they extend the trial deadline to a year from the ruling thereon. La.Code Crim.P. art. 580(A).

The grand jury indicted Defendant on August 26, 2016. Thus, the initial deadline for Defendant's trial was August 26, 2018.

Defendant, acting pro se, initiated the requests for discovery by filing a "Motion for Production of Public Records" on September 12, 2016. The district court denied the motion on September 21, 2016: "Denied. Motion not signed. Also, Defendant is represented by attorney. All motions to be filed by attorney." Nothing in the record shows that the State provided Defendant with any discovery as a result of this filing. This pro se motion for discovery suspended the running of the time limitations for nine days, which extended the time for bringing the case to trial to September 4, 2018.

On September 13, 2016, defense counsel filed a "Motion for Discovery, Bill of Particulars and Motion for Production Including Evidence Favorable to the Accused." The district court signed the discovery order granting the requested discovery on the following day; it ordered production within thirty days. The State filed its initial discovery, "Discovery List," with the district court on November 22, 2016, along with a statement that there were DVDs and CDs that would be provided at a later date. The defense signed a document acknowledging receipt of the discs on March 2, 2017. The State filed supplemental discovery with the district court on June 27, 2017. Both parties signed a document acknowledging the filing of discovery on November 16, 2017. Thereafter, on December 21, 2018, the State filed a copy of the lab reports it intended to introduce at trial. Following our rulings in *Powell*, 297 So.3d 841, and *Fanguy*, 643 So.2d 860, this filing added seventy days to the September 4, 2018, trial deadline, which extended the date to November 13, 2018. Alternatively, if this date limits the suspension to the time from filing until

the date of ruling, this filing added one day to the time limitation, which means the new date would be September 5, 2018.

On November 23, 2016, the defense filed another motion for discovery, "Motion for *Brady/Giglio* Material,"[3] specifically requesting an autopsy report by Dr. Christopher Tape (autopsy reports were requested in the prior discovery motion) as well as all DNA analysis reports (not requested in the prior discovery motion), generally requesting exculpatory and impeachment evidence, and specifically requesting the prosecution to affirm its compliance with its obligations under *Brady*, 373 U.S. 83, and *Giglio*, 405 U.S. 150. The district court signed the order granting Defendant's motion on December 1, 2016. Since the State had already provided an initial discovery response and was, therefore, under a continuing duty to produce any additional discovery, there is no need to extend the suspension to the date the State turned over these documents. Thus, this filing suspended the prescriptive period for eight days and added eight days to the trial deadline: November 21, 2018, or September 13, 2018.

On March 7, 2017, the defense filed a "Motion to Compel Discovery" with the district court alleging it had not yet received the documents granted by the district court on December 1, 2016. In response, the district court, on the same date, issued a ruling directing the prosecution to produce the autopsy report and DNA analysis within fourteen days or show cause for the delay on May 11, 2017. The district court ended up conducting a hearing on the motion on May 11, 2017. After the prosecution asserted it was still waiting to receive the requested information, the district court ordered the State to produce the discovery by August 1, 2017. The

---

[3]Upon a defense request, the state must disclose evidence that is favorable to the defendant when it is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). The rule has been expanded to include evidence which impeaches the testimony of a witness, where the reliability or credibility of the witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763 (1972).

time from the filing of the pleading until the final ruling thereon suspended the prescriptive period for sixty-five days, which extended the trial deadline to January 25, 2019, or November 17, 2018.

On September 19, 2017, the defense filed another "Motion for *Brady/Giglio* Material" seeking production of specific exculpatory evidence: a digital copy of crime scene photographs referenced on page forty-three of discovery, a digital copy of the autopsy photographs referenced on page fifty of discovery, and any medical records of Jeremiah Walker. These items were not specifically listed in the prior discovery motions, but the prior pleadings included a general request for all exculpatory information. On September 25, 2017, the district court signed an order directing the State to provide discovery of all exculpatory evidence, including the listed items. On October 19, 2017, the State filed with the district court supplemental discovery consisting of four CDs containing photographs. This filing is evidenced by a letter dated October 3, 2017; defense counsel signed the letter acknowledging the discs were received on October 12, 2017. We again find there is no need to extend the suspension until the date the State provided the documents because the prosecution had already produced initial discovery and because it was under a continuing duty to turn over additional evidence. Therefore, the time from the filing of the pleading until the ruling thereon suspended the prescriptive period for six days, which extended the trial deadline to January 31, 2019, or November 23, 2018.

The parties appeared for a felony status hearing on September 28, 2017. At the hearing, the defense indicated the State was in the process of preparing digital copies of the pictures requested by Defendant's expert witness. The defense then moved to schedule the next status hearing for December 21, 2017, and the district court granted the motion. This continuance had no apparent effect on the trial date; as such, it did not suspend the prescriptive period.

In an email dated November 13, 2017, defense counsel asked a secretary for the prosecution, Autumn R. Rougeaux, whether they had surveillance footage from D&T Crawfish (D&T). This was not a filing with the district court; as such, it did not suspend the prescriptive period.

In a letter dated November 29, 2017, the defense indicated the State had broached the issue of a plea agreement in February 2017 but had been unable to follow through because the victim's family refused consent; however, the defense was ready to consider a new plea offer to manslaughter with a PSI and a ten-year cap. This was not a filing with the district court; as such, it did not suspend the prescriptive period.

At the December 21, 2017, felony status hearing, the defense indicated it was still working with the State to obtain outstanding discovery. Defense counsel, again, moved for another status conference to be set for March 1, 2018, and for a trial date thereafter. The district court then set another status conference for March 1, 2018. This continuance had no apparent effect on the trial date since none had been set; as such, it did not suspend the prescriptive period.

At the March 1, 2018, felony status hearing, the district court, at defense counsel's request, "maintained" the discovery status discussion until March 22, 2018. Defense counsel also indicated the prosecution was attempting to speak to the victim's family (presumably about a plea offer). This continuance had no apparent effect on the trial date since none had been set; as such, it did not suspend the prescriptive period.

In an email dated March 22, 2018, the defense followed up on the November 13, 2017, email requesting the disc from D&T and additionally noted it was having problems opening the DVD labeled "Nail Salon on Pine". This was not a filing with the district court; as such, it did not suspend the prescriptive period.

At the March 22, 2018, hearing, the defense moved to continue the matter until May 24, 2018, and the district court granted the requested continuance. The record does not contain a transcript of the March 22, 2018 hearing. This continuance had no apparent effect on the trial date since none had been set; as such, it did not suspend the prescriptive period.

In an email dated April 3, 2018, Autumn Rougeaux responded to the defense's requests pertaining to the "Nail Salon on Pine" DVD and the disc from D&T. She provided the defense with instructions on how to open the "Nail Salon on Pine" DVD with surveillance video, offered to allow defense counsel to watch the disc on her own computer, denied having a disc from D&T, and noted she had requested the evidence custodian provide her with a copy of the missing disc from D&T, if possible. This was not a filing with the district court; as such, it did not suspend the prescriptive period.

In a letter dated May 9, 2018, the defense requested a status update on the prosecution's progress with getting the victim's family to agree to a plea bargain. This was not a filing with the district court; as such, it did not suspend the prescriptive period.

In emails dated May 14, 2018, the prosecution informed the defense that it had been unable to contact the victim's mother. The defense emailed a response query on the same date asking whether the State would extend a plea offer without speaking first to the victim's mother. The prosecutor then emailed a reply stating he could not make a plea offer without the consent of the victim's mother and that he would try reaching her. This was not a filing with the district court; as such, it did not suspend the prescriptive period.

At the May 24, 2018, hearing, the defense moved to continue the matter until August 2, 2018; the district court, again, granted the continuance. The record does

not contain a transcript of the May 24, 2018, hearing. This continuance had no apparent effect on the trial date since none had been set; as such, it did not suspend the prescriptive period.

On May 30, 2018, the State issued a written plea offer of manslaughter with a PSI, no sentencing cap, and dismissal of the second charge. This did not suspend the prescriptive period.

Thus, going into the August 2, 2018 hearing, the trial deadline had been extended to either January 31, 2019, or November 23, 2018. At the August 2, 2018 hearing, the defense requested a January 14, 2019 felony trial date, and the district court granted the requested continuance:

> MS. YOUNG [defense counsel]: Page 14, Davian Bessard. He's an inmate. Discovery is satisfied[,] and we have an offer. We would like a trial date.
>
> YOUR HONOR: Motion to set for trial on 10-8 or 1-26.
>
> MS. YOUNG: That's a murder, Your Honor. If we can go past November 26th, because I know I have one set, November 26.
>
> YOUR HONOR: You do; okay.
>
> MS. YOUNG: So I would prefer to not have two so close.
>
> YOUR HONOR: Is [the] State ready for trial?
>
> MR. GHIO [prosecutor]: Yes, Your Honor.
>
> . . . .
>
> YOUR HONOR: 1-14? [D]o you agree with 1-14?
>
> MR. GHIO: That's fine.
>
> YOUR HONOR: Okay.
>
> MS. YOUNG: He is also on the motions docket, page three, for a bond modification. If we could continue that one, I would like to speak to Mr. Ayo[,] and that will give us a chance to talk about the case again.

YOUR HONOR:  All right.  So if you want it put back on the docket,
just send an order[,] and I will put it back on the docket.

MS. YOUNG:  Okay.

YOUR HONOR:  Motion to continue granted.

Because the parties were ready for trial, a trial date requested, and a trial date of October 8, 2018 (a date within either extended time limitation) offered, the defense's motion to continue past November to a January trial date resulted in delaying the trial.  Additionally, the defense agreed (knowingly or unknowingly, in good faith or in bad faith) to the January trial date.  Thus, this motion for, and grant of, a continuance resulted in suspending the trial deadline until August 2, 2019, under the provision of La.Code Crim.P. art. 580(A) granting the State a year from the ruling to commence trial.

On December 21, 2018, the defense filed a written motion to continue with the district court asking to have the January 14, 2019, trial date reset for April 8, 2019.  On January 3, 2019, the district court granted Defendant's request for continuance and reset trial for April 8, 2019.  At the January 14, 2019, felony trial date, the district court acknowledged it had, on January 3, 2019, granted Defendant's motion to continue trial until April 8, 2019.  This motion to continue and grant thereof also resulted in delaying trial.  Therefore, this pleading reset the trial deadline for January 3, 2020, which was well after Defendant's plea in the instant case.

Thereafter, defense counsel filed additional preliminary pleas that further extended the trial deadline.  On January 2, 2019, the defense filed a written Confrontation Clause objection with the district court.  On March 11, 2019, the defense filed a "Motion in Limine to Preclude Introduction of Gruesome or Otherwise Extremely Prejudicial Photographs or Evidence," a "Motion to Include Proposed Jury Instructions," and a memorandum in support thereof with the district

court. On March 25, 2019, the defense filed a "Motion to Compel the Disclosure of Transcripts of Grand Jury Testimony of Taiya Mitchell" with the district court. On April 1, 2019, the defense filed with the district court a pleading titled "Motions in Limine" and another titled "Motion in Limine to Preclude Forensic Pathologist from Offering any Opinion Testimony Not Contained in his Written Reports." Also on April 1, 2019, the defense filed a "Supplemental Motion to Require a Unanimous Jury" with the district court. Therefore, when the defense, on April 4, 2019, filed its "Motion to Quash with Incorporated Memorandum of Law" with the district court seeking to have the charges dismissed due to prescription of the two-year time limitation for bringing the case to trial, defense counsel filed the motion long before the extended and subsequently further-suspended January 3, 2020, trial deadline.

After both parties filed multiple pleadings relating to the motion to quash and after the defense moved to continue trial and the hearings set for the remaining preliminary pleas, the district court conducted the motion to quash hearing on May 17, 2019. On July 8, 2019, the district court issued written reasons for denying the motion to quash.

On July 12, 2019, the defense filed with the district court notice of its intent to seek supervisory review. On July 12, 2019, the district court issued an order setting August 9, 2019, as the return date for the writ application. The defense timely filed its writ application with this court on July 31, 2019. On October 3, 2019, this court denied the writ application on the showing made. *Bessard*, 19-552 (unpublished opinion). Consequently, Defendant's application for supervisory review and the resulting ruling thereon extended Defendant's trial deadline until October 3, 2020.

Thus, Defendant's August 8, 2019, nolo contendere plea was also within the extended prescription period allowed for the State to commence trial. As

19

Defendant's motion to quash and nolo contendere plea fell within the time allotted for commencing trial following indictment under La.Code Crim.P. arts. 578 and 580, we find no abuse of the district court's discretion in ruling the State carried its burden of showing the time to commence trial was suspended. Defendant's motion to quash was rightfully denied.

## ERROR PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. We find two errors patent involving the sentence imposed. The district court failed to establish a payment plan as to certain fees imposed as conditions of probation and the district court failed to set a probation supervision fee.

As part of the sentence imposed by the district court, Defendant was ordered to pay $420.50 in court costs and a fee of $150.00 in accordance with La.Code Crim.P. art. 875(A)(4)(a).[4] The trial judge stated "[c]ourt costs will run concurrent." This court has held that if costs or fines are imposed as a condition of probation, the district court must establish a specific payment plan. *State v. Mace*, 17-220 (La.App. 3 Cir. 12/6/17), 258 So.3d 658, *writ denied*, 18-154 (La. 11/14/18), 256 So.3d 287; *State v. Arisme*, 13-269 (La.App. 3 Cir. 10/9/13), 123 So.3d 1259.

Accordingly, we remand this matter for the establishment of a payment plan for the court costs and presentence investigation report fee, noting that the plan may either be determined by the district court or by the Department of Probation and Parole with approval by the district court before implementation. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

---

[4]The judge referred to this article as 875.4 rather than 875(A)(4)(a), but it is clear the judge was imposing a fee to cover the presentence investigation and preparation of the resultant report.

Next, the sentencing transcript indicates the court ordered Defendant to pay a supervision fee, but it did not specify the amount. The conditions of probation form, signed by the judge but not the parties, states Defendant is to pay a supervision fee "in the approximate amount of $60.00 per month."

Louisiana Code of Criminal Procedure Article 895(A) requires the court to impose a supervision fee to defray the costs of probation supervision. Louisiana Code of Criminal Procedure Article 895.1(C) requires the court to impose a monthly fee of not less than sixty nor more than one hundred ten dollars to defray the cost of supervision. We, therefore, order the district court upon remand to specify the amount of the monthly supervision fee it imposed as a condition of probation.

## DECREE

Defendant's convictions and sentences are affirmed. We remand this matter to the district court with instructions to both specify the amount of the monthly supervision fee and to establish a payment plan for the court costs and presentence investigation report fee. We reiterate the payment plan may either be determined by the district court or formulated by the Department of Probation and Parole and approved by the district court before implementation.

**CONVICTIONS AND SENTENCES AFFIRMED; REMANDED WITH INSTRUCTIONS.**